# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHAUN J. YOUNGER** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC, EXPERIAN** ) | |
| **INFORMATION SOLUTIONS, INC.,** ) | |
| **LLC, and EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC;** ) | |
| ) | |
|    **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Shaun J. Younger, by and through his undersigned counsel, and for his complaint states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p,

and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Shaun Younger, is over the age of nineteen (19) years and is a resident of the city of Birmingham in Jefferson County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant Portfolio Recovery Associates, LLC, (hereinafter referred to as "PRA") is a Limited Liability Company formed in the State of Delaware that is authorized to do business in this judicial district.

4. As part of its business, PRA furnishes consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC.

5. PRA provides consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC.

6. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has at all pertinent times relevant herein done

business in this district.

7. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

8. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times relevant herein done business in this district.

9. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

10. Upon information and belief, Defendants Experian and Equifax are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

13. Upon information and belief Experian and Equifax disburse consumer reports to third parties for monetary compensation.

14. All events herein occurred in this judicial district.

## STATEMENT OF FACTS

### *Background*

15. At some time prior to the events made the basis of this lawsuit, Plaintiff became indebted to HSBC Bank on a credit card account.

16. Upon information and belief, prior to March 30, 2014, the HSBC account belonging to the Plaintiff was sold, assigned and/or transferred to Defendant PRA.

17. On March 30, 2014, PRA filed suit against Plaintiff in the Small Claims Court of Jefferson County, Alabama.  The lawsuit filed by PRA was assigned case number 01-SM-2014-901831.

18. PRA filed a motion to dismiss the Small Claims Court case against the Plaintiff with prejudice on January 9, 2015.  The Small Claims Court dismissed the lawsuit on January 12, 2015.

19. On March 30, 2015, Plaintiff wrote to the three main credit bureaus, TransUnion, Equifax and Experian, to dispute the PRA debt on his credit reports.

20. Plaintiff's dispute letters to the credit bureaus contained a copy of the Court's Order dismissing PRA's lawsuit against him and provided contact information for the Jefferson County Small Claims Clerk's

office, contact information for the judge that handled the case and contact information for PRA's attorney who appeared on PRA's behalf at trial. This information was provided in an effort to assist the credit bureaus with their reinvestigation of PRA's entry on Plaintiff's credit reports.

21. The dispute letters were sent by certified mail, return receipt requested.

22. TransUnion, an entity not a party to this lawsuit, received Plaintiff's dispute and request for reinvestigation on April 6, 2015.

23. Defendant Equifax received Plaintiff's dispute and request for reinvestigation on April 5, 2015.

24. Defendant Experian received Plaintiff's dispute and request for reinvestigation on April 7, 2015.

### *Results of Trans Union's Reinvestigation*

25. As stated before, TransUnion is not a party to this lawsuit. Upon receipt of Plaintiff's dispute and request for reinvestigation, TransUnion deleted the disputed PRA trade line for this debt on or about April 9, 2015.

### *Results of Equifax's Reinvestigation*

26. On or about April 28, 2015, less than a month after receiving Plaintiff's request for reinvestigation, Equifax sent Plaintiff the results of its reinvestigation.

27. Equifax, in its April 28, 2015 correspondence, contained a heading titled: "The Results of Our Reinvestigation." Under this heading, Equifax wrote: "This creditor has verified to OUR company that the balance is being reported correctly.  Additional information has been provided from the original source regarding this item.  Historical account information was deleted from this account.  If you have additional questions about this item please contact: ***Portfolio Recovery Assoc, Riverside Commerce Center, 120 Corporate Blvd Ste 100 Norfolk VA 23502-4962.***"

### *Results of Experian's Reinvestigation*

28. On or about April 15, 2015, eight days after receiving the Plaintiff's request for reinvestigation, Defendant Experian sent the Plaintiff a letter.

29. The letter states that Experian "has received a suspicious request in the mail regarding [Plaintiff's] personal credit report" and that Experian has "determined that it was not sent by [Plaintiff]."

30. The April 15, 2015 letter further states that "In an effort to safeguard your personal credit information from fraud, [Experian] will not be initiating any disputes based upon the suspicious correspondence. Experian will apply this same policy to any future suspicious requetss that we receive regarding your personal credit information, but we will not send additional notices to you of suspicious correspondence."

31. The Plaintiff's March 30, 2015 dispute letter to Experian, which included a copy of the Court Order dismissing PRA's case against him, asked only that Experian remove the erroneous PRA entry from his credit report. The Plaintiff's dispute letter further listed his unique credit report identification number and provided his name, address for the past two years along with his date of birth and the last four digits of his social security number to assist Experian's reinvestigation.

32. Experian, in its April 15, 2015 letter did not request additional information from the Plaintiff or attempt in any way to verify that he himself disputed the PRA entry on his credit report.

33. Despite Plaintiff's dispute and the evidence provided to Defendants Experian and Equifax, upon information and belief, the derogatory

and inaccurate information regarding the alleged PRA account is still being reported by Experian and Equifax on Plaintiff's credit reports.

34. This inaccurate information negatively reflects on Plaintiff, his financial responsibility as a debtor and his credit worthiness.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681 et seq. AS TO DEFENDANTS EXPERIAN AND EQUIFAX

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendants Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

37. Experian's intentional refusal to conduct a reinvestigation violated 15 U.S.C. § 1681i(a)(1)(A).

38. Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant

information to PRA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

39. As a result of this wrongful conduct, action and inaction of Experian and Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

40. Experian's refusal to perform a reinvestigation and Equifax's conduct were both willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, Experian and Equifax were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT PRA

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. PRA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian and Equifax the inaccurate information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the PRA representation; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PRA representations to the consumer reporting agencies.

44. After receiving notification from Equifax and possibly Trans Union about Plaintiff's disputed account, PRA did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute.  Further, PRA verified the Plaintiff's account to Equifax in response to each dispute it received from the Equifax.

45. As a result of PRA's wrongful conduct, action and inaction, the

Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

46. PRA's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

47. The Plaintiff is entitled to recover costs and attorney's fees from PRA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

## COUNT FOUR
## DEFAMATION

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. PRA intentionally and falsely represented that Plaintiff was indebted to it under the account it knew, or should have known, was dismissed by a court of competent jurisdiction through Experian and Equifax to

all of Plaintiff's potential and current lenders.

50. Said false representations made by PRA were injurious to Plaintiff's reputation and creditworthiness in the community.

51. Said false representations made by PRA were not privileged and were not consented to by Plaintiff.

52. PRA's defamation of Plaintiff was willful and with malice. PRA did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported to Experian and Equifax.  It also had substantial evidence by which to have verified that the Plaintiff's debt that it filed suit over was dismissed with prejudice and was no longer due and owing.

53. PRA willfully determined to follow procedures which did not review, confirm or verify whether or not its lawsuits against consumers, such as the Plaintiff, were successful or not successful.

54. Further, even if PRA were to attempt to plead ignorance, after January 12, 2015, it knew through its counsel that its lawsuit against the Plaintiff was dismissed with prejudice.

55. Despite having counsel who moved the trial court to dismiss its case against the Plaintiff, PRA intentionally and willfully reported that

Plaintiff was indebted to it when it knew or should have known that Plaintiff was not liable for the account claimed.

56. Wherefore, Plaintiff seeks judgment in his favor against PRA for compensatory and punitive damages in such sums as the jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

OF COUNSEL:

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
Mr. Shaun J. Younger
473 Border St.
Birmingham, AL 35208

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, AL 36104