

FILED
2016 Aug-17 AM 08:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHAUN YOUNGER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NUMBER:** |
| | ) | **2:15-cv-00952-SGC** |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC, et al,** | ) | **OPPOSED** |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

On March 30, 2015, Plaintiff, with the assistance of counsel, wrote a letter directly to Experian requesting Experian to investigate a trade line being reported by Portfolio Recovery Associates, LLC ("PRA"). There was only one trade line being reported by PRA on the Plaintiff's Experian Credit Report. Plaintiff identified PRA as the entity reporting inaccurately, identified HSBC as being the original creditor, provided 10 of 12 correct sequential account number digits in his dispute, provided the exact balance of the account being reported by PRA and provided clear evidence, namely a Court Order and corresponding complaint, showing that he did not owe the debt being reported. In addition, Plaintiff provided telephone contact numbers for the

attorney that filed suit on behalf of PRA against him, the judge who heard the case, and the clerk's office, all to assist Experian in conducting the reinvestigation requested by the Plaintiff. In response, Experian refused to follow the FCRA and to conduct *any* investigation whatsoever. Instead, Experian sent Plaintiff a letter saying the request was "suspicious." There is absolutely no evidence in the record before this Court as to how Experian arrived at that determination or who might have made that determination. Due to Experian's absolute disregard for the obligations the FCRA places upon it when receiving a dispute, this case resulted.

Experian now, incredibly, responds to Plaintiff's Motion for Summary Judgment by stating Plaintiff, in fact, did *not* dispute any account appearing on his Experian credit report and that there was no "factual inaccuracy" reporting on the Experian credit report. Experian makes this argument in the face of the dispute letter it *does not* dispute it received and in the face of the fact that on March 30, 2015, Experian was clearly reporting a debt Plaintiff did not owe *as a matter of law*. Experian apparently has as much regard for the facts in this case as it did for its obligation to conduct a reinvestigation when Plaintiff requested.

There is *nothing* in FCRA which excuses Experian from complying with FCRA's reinvestigation and notice-to-consumer requirements unless a dispute is deemed to be frivolous or irrelevant. In this case it is *undisputed* that Plaintiff's

dispute was not deemed to be frivolous or irrelevant by Experian. As such, there is nothing in the FCRA that excuses Experian's willful conduct in this case.

## REPLY TO EXPERIAN'S ARGUMENT

Experian has had to dig deep to come up with after the fact excuses in an attempt to avoid liability. All that Experian has come up with is the argument that the PRA account Experian was inaccurately reporting was not being reported and that Plaintiff did not send the dispute directly to Experian after it received the dispute he directly sent to Experian. Plaintiff is compelled to respond to Experian's ludicrous arguments as follows:

1. **"Plaintiff cannot identify any factual inaccuracy on his credit report that would trigger Experian's duty to reinvestigate." (*See* Experian's Response, p. 1)**.

On March 30, 2015, Plaintiff obtained a copy of his Experian credit report. Deposition of Shaun Younger, attached as Exhibit C to Experian's Cross-Motion for Summary Judgment (Doc. 39), referred to herein as "Younger Depo." p. 57.

On that March 30, 2015 credit report, Experian was reporting an account for PRA with partial account number "515597002371...." with an original creditor listed as HSBC Bank Nevada, N.A. and having a balance of $2,082.00. Exhibit 4 (p. 57) to Younger Depo. Plaintiff was sued by PRA on this exact account

and a Court entered Judgment in his favor meaning, Plaintiff was not responsible to pay the claimed debt.

On March 30, 2015, Plaintiff wrote Experian, disputing the entry on his credit report concerning an account to PRA. Complaint at ¶ 19, *accord* March 30, 2015, Letter of Plaintiff, attached as Ex. 3 (p. 26) to Deposition of Jason Scott which was attached to Plaintiff's Motion for Summary Judgment under seal as "Exhibit A." The dispute letter contained a copy of a complaint filed on behalf of PRA and the resultant Court Order demonstrating that Plaintiff was not responsible for the alleged debt being reported by Experian.

Plaintiff, in his March 30, 2015, letter to Experian referenced the partial account number for the PRA account HSBC-5597002371, stated the balance on the PRA account being reported by Experian was $2,082, stated that PRA claimed in its lawsuit against him that HSBC was the original creditor and enclosed a copy of PRA's complaint that claimed a balance of $2,082.26 and that identified HSBC Bank Nevada, N.A. as the original creditor. March 30, 2015 Letter of Plaintiff, attached as Ex. 3 (p. 26) to Scott Depo.

Experian asks this Court to deny Plaintiff's Motion for Summary Judgment because the account number listed by Plaintiff, of which 10 sequential digits match exactly the 12 digit account number being reported by Experian, was not reporting on

his Experian credit report.  Experian asks this Court to excuse the fact that it ignored completely that this was the *only* PRA tradeline being reported by Experian, that the balance on the disputed account is the same as the balance listed in Plaintiff's dispute letter and that Plaintiff identified the same original creditor as was being reported by Experian.  Rather, because only 10 of the 12 digits were identified by the Plaintiff and because he began the account number with "HSBC" the name of the original creditor, the PRA account he disputed *was not* being reported by Experian.  Experian's argument is preposterous.  So what is going on?  Unfortunately for Experian, its corporate representative testified that there is no evidence that Experian's employees in the Allen, Texas mail room where Plaintiff's dispute letter was received even read Plaintiff's dispute letter prior to deciding it was somehow "suspicious" and not to be investigated.  Scott Depo., p. 110.  As such, there is no evidence that anyone at Experian even looked at the account number that Plaintiff included in his March 30, 2015, letter before it decided it was suspicious.

Experian on page 2 of its Response argues that "the only item from PRA provided to Experian was deleted from the file." This is true. However, the PRA item was deleted by PRA and not Experian and after Plaintiff *filed this lawsuit*.  The item was in no way deleted as a result of any compliance with the reinvestigation requirements of FCRA by Experian.  Experian does not get a free pass because PRA,

only after being sued, realized it should no longer report a debt the Plaintiff was not legally responsible to pay.

Experian has not created a genuine issue of material fact such that Plaintiff's Motion for Summary Judgment should be denied.

**2.      "[T]he March 30 letter was not sent by Mr. Young but was mailed by a third party on Plaintiff's behalf.  Plaintiff's Motion fails to address these facts."  (*See* Experian's Response, p. 6).**

Plaintiff testified that he wrote the March 30, 2015 letter with the assistance of counsel and after talking about it with counsel.  Younger Depo., pp. 68-69, 139.  Plaintiff signed the letter and included in it his return mailing address.  Younger Depo., p. 143.  Plaintiff's counsel mailed the dispute at his request after he reviewed and signed it.  The response that Plaintiff's dispute was "suspicious" was mailed by Experian to Plaintiff's home address.

Experian attempts to contort Plaintiff's seeking assistance from his counsel in disputing the PRA account as somehow being a dispute that "a third party" sent apparently eliminating the FCRA requirement for a reinvestigation. Experian's position seems to be that a consumer must draft the dispute completely on his or her own and must personally place it in the mailbox, otherwise the consumer has not notified the credit reporting agency of the dispute "directly."  This defies common sense.  Notably, Experian has failed to cite a single case with a holding that an

attorney assisting a consumer with a dispute does not trigger the reinvestigation requirement placed upon Experian by FCRA.

As Plaintiff wrote in his Response to Experian's Cross-Motion for Summary Judgment, in *Pinner v. Schmidt*, 617 F. Supp. 342 (E.D. La. 1985) *aff'd in part and rev'd in part on other grounds*, 805 F.2d 1258 (5th Cir. 1986), the consumer's attorney drafted and sent the dispute letter, not the consumer as in this case. The defendant in *Pinner* argued that its duty to reinvestigate under §1681i was not triggered because the plaintiff's attorney sent the dispute, not the plaintiff himself. The court in *Pinner* disagreed with the defendant's position and held:

> It is inconceivable to the Court that an attorney could not represent a consumer in this regard, and the Court opines that requirements of direct communication elsewhere in the FCRA are intended only to protect the consumer by affording him a qualified confidentiality in the extensive information available from his credit files. *See* 15 U.S.C. §§ 1681b, 1681d.

*Pinner* at 347[1].

Experian cites no case in its Response to support its position that it was under no obligation to conduct a reinvestigation as required by FCRA because Plaintiff's

---

[1] Note that the consumer's right to send disputes directly to furnishers, added by FACTA in 2003 similarly requires that the disputes must be based upon a consumer's "direct request." 15 U.S.C. §1681s-2(a)(8)(G). Yet the legislative history of that provision makes clear "[n]othing in this provision is intended to preclude a consumer's authorized family member or guardian (or attorneys acting as personal representatives)...from submitting a dispute notice on behalf of the consumer." H.R. Rep. No. 108-263, at 45 (2003). Furthermore, the furnisher-direct-dispute right explicitly excludes disputes sent by credit repair organizations. 15 U.S.C. § 1681s-2(a)(8)(G)

attorney assisted him. Further this argument seems frivolous give the fact that Experian did not learn that Plaintiff sought assistant from his counsel in drafting the letter until after this lawsuit was filed. As such, that would not have factored in to any decision made by Experian that Plaintiff dispute was "suspicious." Plaintiff's Motion for Summary Judgment should not be denied on this ground.

### 3.     Footnotes 6 and 7

Experian, in its Response, argues in Footnotes 6 and 7, that Plaintiff's Motion advances "unsupported theories of liability" such as Experian's failure to "provide a results notice to Plaintiff" or failure to provide a statement as to why Plaintiff's dispute was "suspicious."

Plaintiff does not advance any claim outside of 15 U.S.C. 1681i.

Section 1681i(a) of the FCRA requires a consumer reporting agency, such as Experian, to conduct a reasonable reinvestigation of a consumers dispute "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly."  15 U.S.C. §1681i(a)(1)(A).

Plaintiff's theory of liability with regard to Experian is very simple: Plaintiff disputed the accuracy of the PRA account being reported in his Experian credit report and Experian, upon receipt of Plaintiff's dispute, through its policies and procedures,

willfully refused to conduct any dispute on the basis that his dispute was "suspicious" even though the FCRA does not allow a credit reporting agency to refuse to investigate on that basis.  Plaintiff is not advancing new or separate theories of liability in his motion.  Experian's attempts to reframe Plaintiff's claims against it should be disregarded by the Court.

### 4. Experian's refusal to reinvestigate was intentional and willful as a result of its illegal policies and procedures.

Experian's failure to reinvestigate was "willful" under FCRA. Under *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57 (2007) the willfulness standard which triggers statutory damages under FCRA is a recklessness standard: "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well." The *Burr* standard asks whether the FCRA defendant's conduct stemmed from an "objectively unreasonable" interpretation of the law. *Burr*, 551 U.S. at 68-69. Thus, where the FCRA defendant is being held responsible for a statutory duty for which there is a "dearth of [regulatory] guidance and the less-than-pellucid statutory text," 551 U.S. at 70, a willfulness finding is unjustified. Where the statute is clear or the guidance unambiguous, willfulness is justified.

In this case, Experian's FCRA violation was willful. Experian has admitted that it refused to comply with section 1681i's reinvestigation and notice requirements for

Plaintiff. Its only justification is a "suspiciousness" assertion for which there is no exclusion in the statute, and which is baseless on the facts.

Experian's decision not to reinvestigate any disputes, such as the Plaintiff's, that it arbitrarily deems to be "suspicious" came as a result of following its policies and procedures, not through some mistake by its employees. The policies and procedures are as a result of an intentional or reckless misinterpretation of the clear requirements of the FCRA.

## CONCLUSION

Experian, in its Response to Plaintiff's Motion for Summary Judgment, offers nothing that creates any issue of fact for a jury to determine and provides this Court no basis to deny Plaintiff's Motion for Summary Judgment. For these reasons, Plaintiff's Motion for Partial Summary Judgment should be granted.

RESPECTFULLY SUBMITTED this the 17th day of August, 2016.

/s/ W. Whitney Seals
Attorney for Plaintiff

**OF COUNSEL:**

W. Whitney Seals
**PATE & COCHRUN LLP**
P.O. Box 10448
Birmingham, AL 35202-0448
Phone: (205) 323-3900
whitney@plc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17 August 2016, the foregoing filed using the CM/ECF case management system to the following attorneys of record:

*Attorneys for Equifax*
Charles Campbell, Esq.
Misty Peterson, Esq.
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309-3521
404-572-4600
Fax: 404-572-5100
Email: mpeterson@kslaw.com

Kirkland E. Reid, Esq.
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
11 N. Water Street, Ste. 1200
Mobile, AL 36602
(251) 439-7513
(251) 433-1001
kreid@joneswalker.com

*Attorneys for Experian*
L. Jackson Young, Jr.
Ferguson, Frost, Moore & Young
1400 Urban Center Drive, Ste. 200
Birmingham, AL 35243
(205) 879-8722
(205) 879-8831
ljy@ffdlaw.com

Allison Fuller, Esq.
Jones Day
2727 North Harwood St.
Dallas, TX 75201
(214) 969-3762
afuller@jonesday.com


/s/W. Whitney Seals
OF COUNSEL