UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAUN J. YOUNGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-00952-SGC |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The court has before it the February 7, 2018 motion to require Plaintiff to disclose settlement terms filed by Defendant Experian Information Solutions, Inc. ("Experian") (Doc. 77). Pursuant to the court's January 24, 2018 order (Doc. 75), the motion is fully briefed and under submission. (Docs. 78-80). The motion is due to be granted for the following reasons.

**I.    BACKGROUND**

Plaintiff's complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., against Defendants Portfolio Recovery Associates, LLC ("PRA"), Equifax Information Services, LLC ("Equifax"), and Experian. (Doc. 1). This action arises out of a lawsuit filed by PRA on a debt allegedly owed by Plaintiff. (*Id*. at 4). That lawsuit was dismissed with prejudice on January 12, 2015, but as of March 30, 2015, Plaintiff's credit reports from

Equifax and Experian both referenced the debt. (*Id.*). In his complaint, Plaintiff alleges, among other things, Defendants Equifax and Experian negligently, or in the alternative willfully: (1) failed to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; (2) failed to conduct a reasonable and lawful reinvestigation; (3) failed to forward all relevant information to PRA; (4) failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and (5) relied upon verification from a source they had reason to know was unreliable. (*Id.* at 8-9). Plaintiff states a separate claim against Experian for its intentional failure to conduct a reinvestigation of Plaintiff's credit file. (*Id.* at 8). Plaintiff claims he suffered mental and emotional pain and anguish, humiliation, and embarrassment. (*Id.* at 9).

It is undisputed Plaintiff entered into settlement agreements with both PRA and Equifax. (Docs. 32, 34, 82). Experian requested disclosure of the terms of the settlement agreements but Plaintiff refused. (Doc. 78-2 at 2). Experian's motion seeks disclosure of the settlement agreements, as well as the settlement amounts. (Doc. 77 at 2).

## II. DISCUSSION

Experian argues the one satisfaction rule applies in Fair Credit Reporting Act cases and operates to reduce Plaintiff's award against Experian by any amount

Plaintiff received in his pro tanto settlements with PRA and Equifax.  (Doc. 78).  Experian contends Plaintiff seeks to recover for a single, indivisible injury allegedly caused by overlapping conduct by Experian, PRA, and Equifax.  (*Id.* at 5-11).  Therefore, Experian argues the one satisfaction rule entitles it to the settlement amounts and copies of the settlement agreements between Plaintiff and PRA and Equifax.  (*Id.* at 5-20).  The court agrees.

"[G]enerally . . . a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors."  *BUC Int'l Corp. v. Int'l Yacht Coucil Ltd.,* 517 F.3d 1271, 1276 (11th Cir. 2008) (citations omitted).  The one satisfaction rule "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury."  *Id.* (citations omitted).  The rule is "applied even where a right to contribution does not lie," as the rule "is not a right created to protect defendants, but to limit plaintiffs."  *Id.* at 1277.  Federal courts apply the one satisfaction rule in a variety of actions arising under federal statutes and "ample authority supports applying the rule to federal causes of action."  *Id.* at 1278 n.7 (applying rule in Copyright Act case)*; see also Ratner v. Sioux Natural Gas Corp.*, 719 F.2d 801, 803-04 (5th Cir. 1983) (applying rule in federal and state securities law case); *MacKethan v. Burrus, Cootes & Burrus*, 545 F.2d 1388, 1389-91 (4th Cir. 1976) (applying rule in Securities Exchange Act of

1934 case); *Fed. Trade Comm'n v. Hardco Holding Grp., LLC*, 2017 WL 6947454, at *1 (M.D. Fla. Dec. 7, 2017) (applying rule in Federal Trade Commission Act and Fair Debt Collection Practices Act case).

Plaintiff contends the one satisfaction rule does not apply because there has not been a single, indivisible harm and the injury caused by Experian is separate and distinct. (Doc. 79 at 2-8). In support of his argument, Plaintiff cites to his deposition testimony regarding "Experian's refusal to reinvestigate caused him: stress, headaches, aches and pains and stated that a lot of his stress-related pain came from Experian's April 15, 2015 letter in which it refused to conduct a reinvestigation." (*Id*. at 3-4).

Although the court agrees with Plaintiff that his claims against PRA and Equifax and his claims against Experian stem from separate conduct, the relevant inquiry for the one satisfaction rule is not whether the conduct is distinct but whether the injury is distinct. Looking at Plaintiff's deposition testimony in this light, his testimony underscores the indivisible nature of his alleged injuries. Plaintiff testified he experienced the same alleged symptoms based on the conduct of PRA and Equifax as he did based on the conduct of Experian, and he could not distinguish the distress. (Doc. 78-3 at 25, 29-30, 32, 48-49). He repeatedly attributed his injuries to "the entire case" or a "combination" of different things. (*Id*. at 31, 49). Because of Plaintiff's testimony that the separate conduct of PRA,

Equifax, and Experian caused the mental and emotional pain, anguish, humiliation, and embarrassment he experienced, the court concludes he is seeking recovery for a single injury. As such, the one satisfaction rule applies.

Additionally, the court rejects Plaintiff's argument regarding the timing of disclosure. Plaintiff contends disclosure of the settlement agreements is premature and disclosure is not required until after a judgment is entered against Experian. (Doc. 79 at 9-10). First, the case law cited by Plaintiff discusses setoff and not the one satisfaction rule. Second, and more importantly, the one satisfaction rule permits discovery of agreements before trial because of their relevance to trial strategy. Whether Experian informs the jury about the settlements Plaintiff made with PRA and Equifax is a key strategic decision to be made before and during trial. Evaluation of this decision requires disclosure of the terms and amounts of the settlements before trial.

### III. CONCLUSION

Experian's motion to require Plaintiff to disclose settlement terms is **GRANTED**. (Doc. 77). Plaintiff **SHALL** provide Experian with copies of both settlement agreements, as well as the settlement amounts, within ten days of this order.

**DONE** and **ORDERED** this 30th day of March, 2018.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE