# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAUN J. YOUNGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:15-CV-00952-SGC |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC; EXPERIAN ) | OPPOSED |
| INFORMATION SOLUTIONS, ) | |
| INC.; AND EQUIFAX ) | |
| INFORMATION SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S MOTION IN LIMINE # 1 TO EXCLUDE REFERENCE TO THE SIZE, NET WORTH, OR FINANCIAL CONDITION OF EXPERIAN BEFORE ANY DETERMINATION OF LIABILITY FOR PUNITIVE DAMAGES

COMES NOW, Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, and hereby moves the Court, in limine, for an order excluding Plaintiff Shaun J. Younger ("Plaintiff") or any witnesses or counsel from providing evidence on or otherwise commenting on or referencing the size, net worth, or financial condition of Experian unless or until liability for the punitive damages claim is established.  The introduction of such evidence during the liability phase is inappropriate and prejudicial.

{W0558860.1 }

## ARGUMENT

"It is well settled that it 'is highly prejudicial to a defendant for the jury to be improperly informed as to wealth of the defendant or poverty of the plaintiff.'" *E.g.*, *Bennett v. Brewer*, 682 So.2d 448, 449 (Ala. 1996) (quoting *Liberty Nat. Life Ins. Co. v. Kendrick*, 210 So.2d 701, 703 (1968)) (finding reversible error where the trial court instructed the jury to disregard plaintiff's counsel's four references to defendant's wealth because such comments "have no place in our judicial system, which seeks to ensure fairness and impartiality"); *Adams Labs., Inc. v. Jacobs Eng'g Co., Inc.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal."). Often referred to as "David and Goliath" evidence, references to a corporate defendant's wealth or size, particularly in comparison to the resources of an individual plaintiff, are antithetical to the legal process. *See Hurley v. Vendtech-SGI, LLC*, 2018 WL 1077316, at *1 (W.D. Mo. Feb. 28, 2018) ("In the eyes of the law, there is no difference between Plaintiff and Defendant."). Further, "neither the fact that a company is publicly-traded nor the fact that a company employs 'in-house' counsel or other resources, even if relevant, enables disparagement based on size or wealth." *Advanced Cartridge Tech., LLC v. Lexmark Intern., Inc.*, 2012 WL 12096443, at *2 (M.D. Fla. Mar. 26, 2012)

("Feigned apologies (an old, tired, amateurish, and utterly transparent tactic) and smug 'withdrawals of the question' by counsel are inexcusable and will result in sanction.").

Evidence regarding the size, net worth, or financial condition of Experian is irrelevant to whether Experian is liable under the Fair Credit Reporting Act ("FCRA") or the amount of any damages for a negligent violation. Given the prejudicial effect of this evidence and irrelevance on any issues of liability and negligence damages, this evidence should be excluded unless and until there is a determination of liability on Plaintiff's punitive damages claim. *See* Fed. R. Evid. 401, 402, 403; *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) ("The general rule is that, during trial, 'no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's.'" (citation omitted)). District courts within this circuit regularly grant similarly requested relief to avoid inflaming the jury's passions prior to a determination of liability. *See, e.g.*, *Kirksey v. Schindler Elevator Corp.*, No. CV 15-0115-WS-N, 2016 WL 7116223, at *20 (S.D. Ala. Dec. 6, 2016) (granting motion in limine to "preclude[e] plaintiff from making [a]ny reference to Defendants' net worth, sales, revenues, amount of assets, or other financial information, including the net worth of any owner, employee, or witness of Defendants"); *Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 8186705, at *4

(S.D. Fla. June 6, 2014) ("Plaintiff may not introduce evidence of Defendant's comparative wealth, resources, or net worth during the first phase of the trial, but may do so during the second phase of the trial."); *Blanco v. Capform, Inc.*, No. 11-23508-CIV, 2013 WL 118171, at *4 (S.D. Fla. Jan. 9, 2013) (ordering bifurcation of punitive damages claim because "evidence of [defendant]'s net worth may render some jurors more inclined to find [defendant] liable because, in their perception, [defendant] could afford to compensate the [p]laintiffs").

Allowing this evidence prior to a liability determination would only serve to inflame the jury's passions and unduly prejudice Experian. *Warren v. Ford Motor Credit Co.*, 693 F.2d 1373, 1378 (11th Cir. 1982) ("Defendants are correct in that a jury generally may not be informed of the wealth or poverty of the parties, subject to certain recognized exceptions . . . ." (citing *Allison v. Acton-Ethridge Coal Co., Inc.*, 289 Ala. 443, 446 (1972))); *Khan v. H&R Block E. Enters.*, 11-20217-CIV, 2011 WL 4715201, at *2 (S.D. Fla. Oct. 5, 2011) ("Because any evidence of Defendant's or Defendant's counsel's relative wealth, financial condition, power, or size and any relative disparity between the parties is irrelevant and immaterial to any material facts at issue, no party shall make any such reference during trial."); *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 181 F. Supp. 3d 278, 318 (E.D. Pa. 2016) ("Argument or references to wealth which imply that the jury award damages simply because the defendant has the means to

pay damages are not appropriate."); *Malinski v. BNSF Ry. Co.*, 2017 WL 1278671, at *3 (N.D. Okla. Mar. 31, 2017) ("The Court finds that [evidence regarding the defendant corporation's financial condition] is not relevant to plaintiff's claim and would unduly prejudice the jury."). Given the irrelevance of Experian's size, net worth, or financial condition to the question of liability and the potential for prejudicing the jury against Experian, this Court should order that such evidence will not be presented and no reference made to such information unless or until liability for the punitive damages claim is established.

## CONCLUSION

For the reasons set forth above, this Court Experian's motion in limine should be granted and an Order entered prohibiting any reference to the size, net worth, or financial condition of Experian unless or until liability for the punitive damages claim is established.

Dated:  April 24, 2018                    Respectfully submitted,

*/s/ L. Jackson Young, Jr.*
L. Jackson Young, Jr.
ASB-7946-G65L
Ferguson Frost Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, AL  35242
Telephone:  (205) 879-9722
Facsimile:  (205) 879-8831
LJY@ffmylaw.com

Gregory R. Hanthorn
ASB-4664-N76G
Rebecca Crawford Reynolds
*Pro Hac Vice*
JONES DAY
1420 Peachtree Street, N.E., Ste. 800
Atlanta, GA  30309-3053
Telephone: (404) 581-3939
Facsimile:  (404) 581-8330
ghanthorn@jonesday.com
rreynolds@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2018, I served the foregoing document on the counsel of record listed below via electronic mail and U.S. Mail:

W. Whitney Seals
Cochrun & Seals LLC
P.O. Box 10448
Birmingham, AL  35202-0448
Telephone:  (205) 323-3900
Facsimile:  (205) 323-3906
filings@plc-law.com

John C. Hubbard
John C. Hubbard LLC
2015 First Avenue North
Birmingham, AL  35203
Telephone:  (205) 378-8121
Facsimile:  (205) 690-4525
jch@jchubbardlaw.com

*Attorneys for Plaintiff*
*Shaun Younger*

>*/s/ L. Jackson Young, Jr.*
>L. Jackson Young, Jr.
>
>*Counsel for Defendant*
>*Experian Information Solutions, Inc.*