# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHAUN J. YOUNGER** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | 2:15-CV-00952-SGC |
| ) | |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC; ET AL,** ) | |
| ) | |
|     **Defendants.** ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE # 1 TO EXCLUDE REFERENCE TO THE SIZE, NET WORTH, OR FINANCIAL CONDITION OF EXPERIAN BEFORE ANY DETERMINATION OF LIABILITY FOR PUNITIVE DAMAGES

**COMES NOW**, the Plaintiff Shaun J. Younger, by and through his attorney of record and responds to the Defendant Experian Information Solutions, Inc.'s ("Defendant Experian") Motion in Limine #1 to Exclude Reference to the Size, Net Worth, or Financial Condition of Experian Before any Determination of Liability for Punitive Damages [Doc. 92] as follows:

### INTRODUCTION AND STANDARD OF REVIEW

Defendant Experian moves this Court to prevent Plaintiff from making any reference to Defendant Experian's size, net worth, or financial condition until the jury or Court has made a determination as to Defendant Experian's liability on

Plaintiff's willfulness claim under the Fair Credit Reporting Act ("FCRA"). Punitive damages are available under the FCRA for willful violations.  15 U.S.C. § 1681n(a)(2).  Net worth of the Defendant can be a factor for the jury to consider when determining punitive damages.  *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 154 (4th Cir. 2008) ("[R]educing the punitive damages award of $80,000 here would leave little deterrent or punitive effect, particularly given BB & T's net worth of $3.2 billion.").

Essentially, granting Defendant Experian's Motion would lead to the Court bifurcating the trial.  Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding.  *See, e.g., Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 246 (S.D.N.Y. 1993); *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978).  Whether to order bifurcation is within the discretion of the trial court.  *See Harrington v. Cleburne Cnty. Bd. of Educ.,* 251 F.3d 935, 938 (11th Cir. 2001).  "Rule 42(b) is sweeping in its terms and allows the court, in its discretion, to grant a separate trial of any kind of issue in any kind of case." *In re Bendectin Litig.*, 857 F.2d 290, 317 (6th Cir. 1988).  Rule 42 provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any

federal right to a jury trial." *United States v. AseraCare Inc.*, No. 2:12-cv-KOB, 2015 U.S. Dist. LEXIS 186535 (N.D. Ala. May 20, 2015).

Defendant Experian bases its argument on the position that hearing evidence or arguments on its net worth could potentially have a prejudicial effect. Plaintiff's position is that bifurcating the trial/postponing net worth references is (1) not in the interest of judicial economy and unduly burdensome of the jury, (2) because the factors are intertwined with the liability claim for willfulness, and finally (3) because any potentially prejudicial effect can be adequately mitigated by appropriate jury instructions.

I. **Bifurcating the trial is not in the interest of judicial economy and would be unduly burdensome of the jury.**

Plaintiff contends that the simplest, least confusing, and best use of the Court's time and resources would be to have the parties present evidence and defenses as to liability and damages, including punitive damages, at the same time. Plaintiff intends to use the same witnesses for both categories. It would be unnecessarily cumbersome to have the same witnesses come back for evidence as to net worth or profit when they can offer testimony as to the subject at the same time as liability and other damages. As to the jury, bifurcating the trial would unduly burden the jury by requiring them to deliberate once, reach a verdict and then receive more evidence and deliberate again. This is not in the interest of judicial economy.

*Koehn v. Tobias*, No. 12 C 50321, 2016 U.S. Dist. LEXIS 12366 (N.D. Ill. Feb. 2, 2016).

II. **<u>There is overlap in the issues between liability and punitive damages.</u>**

Plaintiff's claim is regarding Defendant Experian's failure to conduct a reinvestigation under 15 U.S.C. §1681i. Willful misconduct under the FCRA encompasses both intentional and reckless violations of the law. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69 (2007). Reckless misconduct is "conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

Much of the same evidence used to prove liability for willful violation can also be a factor in determining punitive damages. These factors include the way the CRA conducted its business, including whether the CRA acted with malice. *Saunders v. Branch Banking & Trust Co. of Virginia*, 526 F.3d 142, 153 (4th Cir. 2008) (although plaintiff did not establish malicious violations of FCRA, the "evidence at trial revealed that BB & T had never updated its report to the CRAs to reflect the ongoing dispute, and the jury did find a knowing and intentional violation of FCRA. BB & T's intentional misconduct and longstanding refusal to correct its errors are more reprehensible than negligence or a mistake quickly

corrected"). *See also Drew v. Equifax Info. Serv.*, L.L.C., 2010 WL 5022466, at *7 (N.D. Cal. Dec. 3, 2010) (upholding jury award against Equifax including $700,000 punitive damages in part based on testimony of plaintiff's expert witness that violation was result of a policy chosen after careful cost benefit analysis, with full knowledge of risks to those seeking credit), related decision on appeal at *Drew v. Equifax Info. Serv., L.L.C.*, 690 F.3d 1100 (9th Cir. 2012).

Where evidence on liability and damages is intertwined, bifurcation is not appropriate. *Llerando-Phipps v. City of N.Y.*, 390 F. Supp. 2d 372 (S.D.N.Y. 2005). It would be unnecessarily tedious and duplicative for the jury to hear all relevant evidence twice since much of the evidence overlaps. On the other hand, it could be potentially confusing to have a separate phase of the trial just to present Defendant Experian's profit in 2015 or net worth while other factors that could be relevant to the jury's determination of an appropriate punitive damages award having already been presented in the liability phase of the trial. The potential prejudice can be mitigated by more reasonable means, such as a limiting instruction.

III. **Any potential prejudicial effect can be mitigated by appropriate jury instructions.**

Any possible prejudice to Defendant Experian at trial can be resolved with a limiting instruction to the jury. *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d

Cir. 1996). With a proper limiting instruction, any concerns of prejudice or confusion of the issues will be readily addressed. *Tomczyk v. Rollins*, No. 1:00-cv-3417-WSD, 2009 U.S. Dist. LEXIS 33556 (N.D. Ga. Apr. 20, 2009).

Charging the jury with an appropriate limiting instruction stating that evidence of profit or net worth should only be considered in the event that the jury finds that Defendant Experian willfully violated the FCRA is the most reasonable and straightforward approach and can alleviate Defendant Experian's concerns over any prejudicial effects due to its net worth or profit.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court deny Defendant's Motion in Limine #1 to Exclude Reference to the Size, Net Worth, or Financial Condition of Experian Before any Determination of Liability for Punitive Damages and to keep the trial in one stage wherein the jury will deliberate on liability and all damages at the same time.

/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

OF COUNSEL:
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 2nd day of May 2018, the foregoing filed using the CM/ECF case management system to the following attorneys of record:

L. Jackson Young, Jr., Esq.
Ferguson, Frost, Moore & Young
1400 Urban Center Drive, Ste. 200
Birmingham, AL

Greg R. Hanthorn, Esq.
Rebecca C Reynolds, Esq.
Jones Day
1420 Peachtree St. N.E., Ste. 800
Atlanta, GA 30309-3053

                                              /s/ John C. Hubbard