FILED
2018 May-07  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHAUN YOUNGER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER:** |
| | ) | **2:15-cv-00952-SGC** |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## PLAINTIFF'S OBJECTIONS TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'s WITNESS LIST AND EXHIBIT LIST

---

**COMES NOW,** the Plaintiff, by and through counsel of record and objects to the following witnesses and exhibits listed by Defendant Experian Information Solutions, Inc. ("Experian") as follows:

### A.      Introduction

This case is about Experian's failure to conduct a reinvestigation as required by the FCRA when Plaintiff sent a letter to Experian disputing an item on his credit report and any damages that resulted from Experian's illegal refusal to conduct a reinvestigation.   Witnesses or exhibits dealing with the conduct of Equifax

Information Services, Inc. ("Equifax") or Portfolio Recovery Associates, Inc. ("PRA"), two companies that actually conducted reinvestigations upon receipt of Plaintiff's dispute,  are irrelevant to the claims Plaintiff brings against Experian and are not relevant to any defense that Experian has asserted.  Equifax and PRA at least attempted to follow the law by performing reinvestigations as mandated by the FCRA.  Experian did not.  As such, Equifax and PRA's conduct is not relevant to any issue for a jury to decide in this case.

### A.     OBJECTIONS TO EXPERIAN'S WITNESS LIST

1.     Pamela Smith

Pamela Smith was deposed in her role as the corporate representative for Equifax.  Equifax was formerly a party to this litigation.  Experian has listed Pamela Smith as a witness who could potentially be called live or whose testimony could be presented by deposition.

With regard to the specific designated pages of Pamela Smith's deposition Plaintiff objects as follows:

p. 8, line 3 – line 9;                    **No objection.**

p. 8, line 20 – line 25;                **No objection.**

p. 12, line 1 – p. 13, line 5;        **No objection.**

p. 15, line 4 – p. 16, line 12;      **This testimony is regarding a letter sent to Plaintiff following Equifax's**

**reinvestigation that informed Mr. Younger of the results of Equifax's reinvestigation of the PRA account. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and the results of that reinvestigation are irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.**

p. 16, line 19 – p. 17, line 5;        **This testimony from Pamela Smith is that, upon conducting a reinvestigation, PRA verified that the balance being reported was correct. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and what PRA reported to Equifax as a result of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.**

p. 18, line 16 – p. 19, line 1;        **This testimony from Pamela Smith is that PRA is in the best position to provide information upon conducting a reinvestigation and that Equifax relied upon PRA. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and what PRA reported to Equifax as a result of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.**

p. 19, line 16 – line 23;        **This testimony involves identifying who initiated the reinvestigation process on**

behalf of Equifax.  Plaintiff objects that
this evidence is irrelevant in that who
initiated the reinvestigation of Plaintiff's
dispute on behalf of Equifax is irrelevant to
the claims against Experian and Experian's
defenses given that Experian illegally
refused to conduct a reinvestigation.

p. 20, line 1 – p. 21, line 15;   This testimony is in regard to the
automated consumer dispute verification
("ACDV") form that Equifax submitted to
PRA in the course of conducting a
reinvestigation of the Plaintiff's dispute.
Plaintiff objects that this evidence is
irrelevant in that Equifax's reinvestigation
and what information it submitted to PRA
in the course of that reinvestigation is
irrelevant to the claims against Experian
and Experian's defenses given that
Experian illegally refused to conduct a
reinvestigation.

p. 22, line 12 – p. 24, line 7;   This testimony involves the coding of the
ACDV that Equifax sent to PRA in the
course of reinvestigating the Plaintiff's
dispute.  Plaintiff objects that this evidence
is irrelevant in that Equifax's
reinvestigation and what information it
submitted to PRA in the course of that
reinvestigation is irrelevant to the claims
against Experian and Experian's defenses
given that Experian illegally refused to
conduct a reinvestigation.

p. 25, line 9 – p. 27, line 15;   This testimony involves describing the
content of the ACDV that Equifax sent to
PRA in the course of reinvestigating the

Plaintiff's dispute. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and what information was contained in the ACDV that was generated in the course of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.

p. 29, line 18 – p. 30, line 14;   This testimony is in regard to Equifax's internal records regarding Plaintiff's dispute and the results of the reinvestigation that Equifax conducted. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and what information was contained in Equifax's internal records that was generated in the course of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.

p. 56, line 18 – p. 57, line 5;   This testimony involves Equifax's internal policy regarding its own reinvestigation of Plaintiff's dispute. Plaintiff objects that this evidence is irrelevant in that Equifax's policies regarding its reinvestigation of the Plaintiff's dispute is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.

p. 59, line 8 – line 12;   This testimony is in regard to Exhibit 3 to Pamela Smith's deposition which was a copy of Equifax's reinvestigation results.

Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and and the result of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.

p. 62, line 21 – p. 67, line 9;      This testimony is in regards to Equifax's policies regarding the content of Plaintiff's dispute letter, the fact that Equifax did not contact the small claims court where Plaintiff received a favorable order, and Equifax's submission of the attachments to Plaintiff's dispute letter to PRA in the course of reinvestigating the Plaintiff's dispute. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation, or internal policies governing reinvestigating disputes, and what was provided to PRA in the course of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.

p. 68, line 8 – p. 70, line 6;      This testimony involves Equifax and its agents' or employees' conduct in the reinvestigation of the Plaintiff's dispute and that Equifax relied on information PRA provided to it in the course of reinvestigating the Plaintiff's dispute. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and what PRA reported to Equifax as a result of that reinvestigation is irrelevant to the claims against Experian and Experian's

**defenses given that Experian illegally refused to conduct a reinvestigation.**

p. 73, line 11 – p. 75, line 25;     **This testimony involves the letter that Equifax sent to Mr. Younger regarding the results of the reinvestigation of his dispute and the ACDV response that PRA sent to Equifax after conducting its own reinvestigation. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and what PRA reported to Equifax as a result of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.**

p. 76, line 8 – line 19;     **This testimony is about how Mr. Younger's credit file appeared after Equifax conducted its reinvestigation. Plaintiff objects that this evidence is irrelevant in that Equifax's reinvestigation and what PRA reported to Equifax as a result of that reinvestigation is irrelevant to the claims against Experian and Experian's defenses given that Experian illegally refused to conduct a reinvestigation.**

p. 77, line 13 – line 22;     **This testimony is about Mr. Younger's PRA account information being reported on his Equifax credit report in the trade lines section of the report and not the public records section of his Equifax credit report. Plaintiff objects that this evidence is irrelevant. How the PRA trade line was being reported on Plaintiff's Equifax credit report has no relevance to any claim or**

**defense in this case.**

p. 80, line 10 - line 24;         **This testimony involves Equifax's contention that PRA likely would have known about the complaint it filed against the Plaintiff and the Court Order granting the Motion to Dismiss the underlying lawsuit PRA filed against Mr. Younger. Plaintiff objects that this evidence is irrelevant. Equifax's understanding of what PRA may or may not have known is not relevant to any claim or defense in this case.**

Pursuant to F.R.E. 401(b) the evidence Plaintiff objects to above is irrelevant because it is of no consequence in determining this action. Equifax and PRA's reinvestigations of Plaintiff's dispute are not at issue in this case. Further, given that Equifax and PRA are no longer parties to this action and that the claims alleged against those two parties are substantially different from the claims against Experian, this evidence, even if the Court found it to be relevant would waste time, potentially confuse the issues in this case or mislead the jury in violation of F.R.E. 403.

**B.      OBJECTIONS TO EXPERIAN'S EXHIBIT LIST**

The Plaintiff objects to certain of the exhibits listed by Experian in its Exhibit List (Doc. 87) primarily because certain of those exhibits relate to the reinvestigation performed by Equifax and/or PRA and the results of those reinvestigations or concern Equifax and PRA's policies regarding the reinvestigation. While Plaintiff's specific

objections to specific exhibits will be set out below, Plaintiff again asserts that evidence regarding the conduct of Equifax and/or PRA in conducting a reinvestigation is irrelevant to any issue a jury will determine in this case because Experian illegally refused to conduct a reinvestigation.  Evidence of the conduct of Equifax and/or PRA's reinvestigations, even if found to be relevant and if found not to be hearsay, should still be excluded pursuant to F.R.E 403 on the grounds that its probative value is far outweighed by the risk of confusing the issues, wasting time or misleading the jury.

Plaintiff specifically objects as follows:

**Exhibit 10 -**      **February 3, 2016 Deposition Transcript and/or Video of Shaun Younger and exhibits attached thereto, taken in Shaun J. Younger v. Portfolio Recovery Associates, LLC, et al., Case No. 2:15-cv-00952-SGC (Anticipated as impeachment evidence).**

For the record, Plaintiff objects that it is improper to mark the deposition transcript and/or video as an exhibit to be sent back with the jury.  Plaintiff further objects that certain of the exhibits to his deposition relate to the reinvestigation and reinvestigation results of his dispute that were provided by Equifax and/or PRA and, as such, are irrelevant to the claims made against Experian that are expected to be tried in this case.  Plaintiff does not waive any objections to specific testimony that may be read or used at trial from Plaintiff's deposition since no specific page and line designations have been identified such that Plaintiff would be aware of what Defendant may or may not read.

**Exhibit 11-**      **April 5, 2016 Deposition Transcript of Jason Scott and exhibits attached thereto, taken in Shaun J. Younger. v. Portfolio Recovery Associates, LLC, et al., Case No. 2:15-cv-00952-SGC.**

For the record, Plaintiff objects that it is improper to mark the deposition transcript as an exhibit to be sent back with the jury.  Should Defendant wish to use any portion of Mr. Scott's deposition, it may read that portion into the record in the presence of the jury.

**Exhibit 12-**          **May 6, 2016 Deposition Transcript of Jason Scott and exhibits attached thereto, taken in Shaun J. Younger. v. Portfolio Recovery Associates, LLC, et al., Case No. 2:15-cv-00952-SGC.**

For the record, Plaintiff objects that it is improper to mark the deposition transcript as an exhibit to be sent back with the jury.  Should Defendant wish to use any portion of Mr. Scott's deposition, it may read that portion into the record in the presence of the jury.

**Exhibit 13-**          **April 7, 2016  Deposition Transcript of Pamela Smith and exhibits attached thereto, taken in Shaun J. Younger. v. Portfolio Recovery Associates, LLC, et al., Case No. 2:15-cv-00952-SGC.**

For the record, Plaintiff objects that it is improper to mark the deposition transcript as an exhibit to be sent back with the jury.  Further, Plaintiff restates his objections to the specific designations of testimony that were set out in the objections to Defendant's Witness List.

**Exhibit 31-**          **Equifax credit file disclosure dated March 30, 2015 (Ex. 5 to Plaintiff's Deposition) (Plaintiff's 49-109).**

Plaintiff objects that his Equifax credit file from March 30, 2015 is irrelevant to his claims that Experian wrongfully refused to conduct a reinvestigation of his written dispute regarding the PRA account.  Further, given that Equifax is no longer a party to this matter, Plaintiff objects that this evidence, even if relevant, will waste time, mislead the jury and potentially confuse the issues in violation of F.R.E. 403.

**Exhibit 32, 33 and 34-   March 30, 2015 Correspondence from Shaun Younger to Equifax.**

Exhibits 32, 33 and 34 all appear to be the same letter that Plaintiff wrote to Equifax on March 30, 2015.  Plaintiff objects that his dispute letter to Equifax is irrelevant to his claims against Experian.  Further, given that Equifax is no longer a party to this matter, Plaintiff objects that this evidence, even if relevant, will waste time, mislead the jury and potentially confuse the issues in violation of F.R.E. 403.

**Exhibit 35-**          **Portfolio Recovery Associates, LLC's response to Equifax ACDV (Ex. 4 to Equifax's deposition) (EIS-Younger-000015-21).**

As explained above, an ACDV is the automated consumer dispute verification form that is sent in the course of conducting a reinvestigation from a company like Equifax to a company like PRA.  In this case, this exhibit is PRA's response to the ACDV that Equifax sent to it in the course of reinvestigating the Plaintiff's disputed credit information.  PRA's response to Equifax in the course of the reinvestigation is irrelevant evidence.  Plaintiff's claims against Experian involve Experian's illegal refusal to conduct a reinvestigation as required by the FCRA.  What PRA reported back to Equifax is of no consequence in determining this action.  As such it fails the relevance test articulated in F.R.E. 401.  Further, given that neither PRA nor Equifax are no longer parties to this matter, Plaintiff objects that this evidence, even if relevant, will waste time, mislead the jury and potentially confuse the issues in violation of F.R.E. 403.

**Exhibit 36 and 37-**          **April 28, 2015 Equifax Results of Reinvestigation (Ex. 3 to Equifax's deposition) (Plaintiff's 113-114) (Ex. 11 to Plaintiff's deposition)**

Plaintiff's claims against Experian involve Experian's illegal refusal to conduct a reinvestigation as required by the FCRA.  It makes no difference what Equifax's reinvestigation into Plaintiff's dispute showed.   The results of Equifax's reinvestigation are of no consequence in determining this action.  As such it fails the relevance test articulated in F.R.E. 401.  Further, given that neither PRA nor Equifax are no longer parties to this matter, Plaintiff objects that this evidence, even if relevant, will waste time, mislead the jury and potentially confuse the issues in violation of F.R.E. 403.

**Exhibit 38-**          **Equifax ACIS Printout and Maintenance Sheet (Ex. 5 to Equifax's deposition) (EIS-Younger-000001-7).**

This document shows how Mr. Younger's Equifax credit file was showing at the time the reinvestigation was completed and shows the actions taken in the course of reinvestigating Mr. Younger's dispute. Plaintiff's claims against Experian involve Experian's illegal refusal to conduct a reinvestigation as required by the FCRA. It makes no difference what Equifax's reinvestigation into Plaintiff's dispute showed or how his credit report was showing. The results of Equifax's reinvestigation are of no consequence in determining this action. As such it fails the relevance test articulated in F.R.E. 401. Further, given that neither PRA nor Equifax are no longer parties to this matter, Plaintiff objects that this evidence, even if relevant, will waste time, mislead the jury and potentially confuse the issues in violation of F.R.E. 403.

**Exhibit 39-**        **Declaration of Pamela Smith and exhibits thereto (Doc. 38-2).**

This document is inadmissible hearsay. The exhibits to this document are irrelevant to any issue the jury will determine in this case.

**Exhibit 40-**        **Potential Stipulation, Declaration or Evidentiary Deposition of Equifax corporate representative Pamela Smith**.

To date there has been no stipulation, declaration or evidentiary deposition of Pamela Smith. Plaintiff reserves the right to object to such evidence.

**Exhibit 41-**        **Potential Stipulation, Declaration or Evidentiary Deposition of an employee or representative of Portfolio Recovery Associates, LLC**.

To date there has been no stipulation, declaration or evidentiary deposition of an employee or representative of PRA. Plaintiff reserves the right to object to such evidence.

**Exhibit 42-**        **Defendant Equifax Information Services' LLC's Objections and Responses to Plaintiff's First Consolidated Discovery (Ex. 1 to Equifax's Deposition).**

This document is inadmissible hearsay. Plaintiff further objects that Equifax's responses to discovery are irrelevant to any issue that is to be determined by the jury

in this case.

**Exhibit 47-**        **Plaintiff's Settlement Agreement with Portfolio Recovery Associates, LLC.**

Plaintiff maintains the objections he has asserted against the use of this settlement agreement as set out in his Response in Opposition to Motion to Require Plaintiff to Disclose Settlement Terms (Doc. 79).  Without waiving those objections, Plaintiff further asserts that Defendant is required to inform Plaintiff as to whether or not it intends to "plead and prove" this release or if it intends to remain silent about Plaintiff's prior settlements and subsequently to seek an offset of those settlement amounts from any jury verdict.

**Exhibit 48-**        **Plaintiff's Settlement Agreement with Equifax Information Services, LLC.**

Plaintiff maintains the objections he has asserted against the use of this settlement agreement as set out in his Response in Opposition to Motion to Require Plaintiff to Disclose Settlement Terms (Doc. 79).  Without waiving those objections, Plaintiff further asserts that Defendant is required to inform Plaintiff as to whether or not it intends to "plead and prove" this release or if it intends to remain silent about Plaintiff's prior settlements and subsequently to seek an offset of those settlement amounts from any jury verdict.

**Exhibit 52-**        **Trans Union Consumer Disclosures dated March 30, 2015.**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 53-**        **Portfolio Recovery Associates PRANet (PRA-Younger-000001-000005)**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 54-**          **Data from electronic records provided by HSBC Bank Nevada, N.A.  (PRA-Younger-000006).**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 55-**          **Household   Bank   Platinum   Mastercard   Billing Statements (PRA-Younger-000007-000033).**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 56-**          **Call History (PRA-Younger-000034-000038)**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 57-**          **PRA   Correspondence   with   Plaintiff (PRA-Younger-000039-000088)**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 58-**          **Notes (PRA-Younger-000327-000332)**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 59-**          **Documents   received   from   Equifax (PRA-Younger-000089-000097)**

This exhibit is inadmissible hearsay.  Further, should this document be found

to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 60-        Draft ACDV response (PRA-Younger-000098-000099)**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 61-        Chart (PRA-Younger-000100-000101)**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 62-        Equifax Information Services, LLC Production Documents**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

**Exhibit 63-        Portfolio Recovery Associates, LLC Production Documents**

This exhibit is inadmissible hearsay.  Further, should this document be found to not be hearsay, this document is irrelevant to any issue the jury will determine in this case.

Respectfully submitted,


*/s/ W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7 May 2018, the foregoing filed using the CM/ECF case management system to the following attorneys of record:

*Attorneys for Experian*
L. Jackson Young, Jr.
Ferguson, Frost, Moore & Young
1400 Urban Center Drive, Ste. 200
Birmingham, AL 35243
(205) 879-8722
(205) 879-8831
ljy@ffdlaw.com

Greg Hanthorn, Esq.
Rebecca Reynolds, Esq.
Jones Day
1420 Peachtree St. N.E., Ste. 800
Atlanta, GA 30309-3053
(404) 581-3939
ghanthorn@jonesday.com


 /s/ *W. Whitney Seals*
OF COUNSEL