FILED

2018 May-07  PM 05:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAUN J. YOUNGER | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **2:15-CV-00952-SGC** |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC; ET AL, | ) | |
| | ) | |
| **Defendants.** | ) | **OPPOSED** |

## PLAINTIFF'S MOTION IN LIMINE

**COMES NOW** the Plaintiff in the above entitled and numbered cause, before the commencement of the Voir Dire examination of the jury panel, and respectfully moves that counsel for Defendant, and through such counsel any and all defense witnesses, be instructed by this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters, because the injection of such matters in the trial of this cause would result in irreparable prejudice and harm to Plaintiff's case, which no instruction by the Court to the Jury could cure,

to-wit:

1. **Existence of the underlying PRA debt**.  Plaintiff was sued by prior Defendant Portfolio Recovery Associates, LLC ("PRA") in the Small Claims Court of Jefferson County, Alabama.  Before trial the Court entered an Order ("Court Order") dismissing the lawsuit with prejudice.  Therefore, it has been legally concluded that PRA cannot sue or make a claim against Plaintiff.  "Under the *Rooker-Feldman* doctrine, '[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008).  Defendant should not be permitted to attack the Court Order by arguing that the PRA information being reported by Defendant Experian, after the Court Order was entered, and that Plaintiff disputed was anything but incorrect.  Further, Defendant should be precluded from arguing to the jury or eliciting from any witness evidence regarding the validity of the underlying debt and/or whether Plaintiff ever owed the debt to any entity prior to the Court Order entered in the Small Claims Court case.

2. **Attorneys' motives**.  FCRA defendants sometimes claim or argue that the recovery of a plaintiff's attorneys' fees is the "engine running this suit."

That claim is contrary to the intent of the FCRA.  "Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.  *Student Pub. Interest Research Grp. of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).

Furthermore, attorney's fees are irrelevant to any determination to be made by the jury because it is the Court's role in assessing that amount only after a successful action.  The FCRA provides that a consumer who brings a "successful action to enforce any liability" is entitled to recover from the defendant "the costs of the action" as well as "reasonable attorney fees as determined by the court."  15 U.S.C. §§ 1681n(a)(3).  *See, e.g.*, *Sheffer v. Experian Info. Solutions*, 290 F. Supp. 2d 538 (E.D. Pa. 2003).  "[O]ur 'starting point in setting any attorney's fee is determining the "lodestar"' figure—that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly-situated attorneys in the community.'"  *Young v. International Paper Co.*, Civil Action No. 10-179- CG-M, 2012 U.S. Dist.

LEXIS 2232, 2012 WL 37647, at *4 (S.D. Ala. Jan. 6, 2012) (citing

*Hensley*, 461 U.S. at 433; *Norman v. Housing Auth. of the City of*

*Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988)).

Plaintiff moves the Court for an Order that Defendant, its witnesses, and

attorneys shall not mention within the hearing of the jury or make arguments

to the jury regarding the availability of an award of attorney's fees to

Plaintiff should he succeed in this litigation.

3. **Actions and conduct of Equifax or Portfolio Recovery Associates**.  The

only issue is whether the Defendant Experian violated the FCRA, not

whether other parties, such as Equifax or Portfolio Recovery Associates

("PRA") violated the FCRA.  Plaintiff respectfully moves the Court to

preclude Defendant from alluding to, in any manner, the existence of FCRA

claims against Equifax or PRA.  Such other references would be irrelevant,

and any probative value would be outweighed by the risk of unfair prejudice,

confusion of the issues or risks unfairly misleading the jury.  Fed. R. Evid.

403, 404, 608, 802. *McKee v. Erikson*, 37 Conn. App. 146, 152–153, 654

A.2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the

jury system); *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61,

67(2d Cir. 1997) (evidence excluded when risk of confusing or distracting

jury); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same); *Haynes v. Coughlin*, 79 F.3d 285, 291–293 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party).  The claims in this case are against Defendant Experian alone and are based on Defendant Experian's conduct alone.  Any conduct by any other former party is irrelevant to Defendant Experian's illegal refusal to conduct a reinvestigation of Plaintiff's dispute.

4. **Argument or evidence that Experian's conduct did not negligently violate the FCRA.**  Plaintiff moved for and was granted summary judgment on his claim of a negligent violation of the FCRA with regard to Experian. As such, any argument, testimony or other evidence that Experian's conduct was not a negligent violation of the FCRA should be prohibited as such argument or evidence would contradict this Court's Order granting summary judgment to the Plaintiff on his claim of negligent violation of the FCRA.

5. **Evidence of any prior settlement with Equifax or PRA and evidence of the amount of any settlement with those former parties.**  Plaintiff moves for this Court to enter an Order precluding Experian's attorneys and any

witness who may testify in this case from disclosing the existence of and amount of any settlement in this case between the Plaintiff and Equifax or PRA.  Plaintiff understands and respects this Court's Order of March 30, 2018 requiring him to produce copies of the settlement agreements but would reiterate and restate his arguments contained in his Response in Opposition to Motion to Require Plaintiff to Disclose Settlement Terms (Doc. 79) for the record and to further note that, for the record, he objects to any evidence of said confidential *pro tanto* settlement agreements being introduced at trial based upon his arguments as stated in his Response in Opposition to Motion to Require Plaintiff to Disclose Settlement Terms (Doc. 79).

Plaintiff additionally moves this Court to preclude the Defendant from offering the settlement agreements themselves into evidence during the trial of this case.  The terms of any settlement with any other party would not be relevant to the Plaintiff's claims against Defendant.  This is especially true given that both settlement agreements are *pro tanto* agreements and both specifically state that no claim against Experian is released.

6. **Evidence of why Plaintiff's letter of March 30, 2015 was deemed suspicious.**  During the course of discovery Plaintiff inquired both in written

discovery and during the depositions the reason or reasons why Plaintiff's letter was deemed to be "suspicious" by Defendant's employees. Jason Scott, the corporate representative that Defendant put up for deposition, did not know why Plaintiff's letter was deemed suspicious and could not identify which Defendant employee or employees deemed Mr. Younger's letter to be suspicious. Discovery closed long ago. As such, Plaintiff respectfully requests that this Court enter an Order precluding any evidence or argument regarding any particular reason or reasons why Plaintiff's letter was deemed "suspicious" by Defendant since there is not been no witness with personal knowledge identified to testimony on the matter.

7. **Plaintiff's obligations after sending dispute**. After Plaintiff disputed the information with Defendant, his obligations under the Act were satisfied. Once a consumer disputes the accuracy of any item of information in his or her file, the CRA must delete the disputed information or conduct a reinvestigation. 15 U.S.C. § 1681i(a). Defendant Experian should not be permitted to argue or present evidence that Plaintiff should have contacted Defendant Experian by telephone or otherwise or should have contacted PRA after receiving the dispute response instead of filing suit. The FCRA does not impose this obligation and any argument to the contrary is

irrelevant and potentially confusing to the jury as to the obligations and burden Plaintiff must meet under the FCRA.

8. **Other information on Plaintiff's credit file**.  Plaintiff is not making a claim for damage to his credit or any third-party denials.  Therefore, the other information on his CRA credit files is not relevant to his claims.  Any reference to negative information on his credit file would only be improper character evidence.

9. **Evidence or argument that Plaintiff did not directly send the dispute to Defendant Experian.**  Defendant Experian has argued in this case that it had no obligation to reinvestigate Plaintiff's dispute because it purportedly did not come directly from Plaintiff.  The Court has already ruled on this matter and found that that Plaintiff did send the dispute and Defendant Experian had a duty to reinvestigate.  Therefore, it would be improper for Defendant Experian to argue or attempt to introduce evidence that contravenes this finding.

**WHEREFORE PREMISES CONSIDERED**, to avoid improperly prejudicial and inflammatory references, and to restrict the case to the issue at hand (whether defendant violated the FCRA), Plaintiff's motion in limine should be granted as to the foregoing topics.

/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

**OF COUNSEL:**
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of May 2018, the foregoing was filed using the CM/ECF case management system and notice was sent to the following attorneys of record:

L. Jackson Young, Jr., Esq.
Ferguson, Frost, Moore & Young
1400 Urban Center Drive, Ste. 200
Birmingham, AL

Greg R. Hanthorn, Esq.
Rebecca C Reynolds, Esq.
Jones Day
1420 Peachtree St. N.E., Ste. 800
Atlanta, GA 30309-3053

/s/ John C. Hubbard