# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAUN J. YOUNGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:15-CV-00952-SGC |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC; EXPERIAN ) | OPPOSED IN PART |
| INFORMATION SOLUTIONS, ) | |
| INC.; AND EQUIFAX ) | |
| INFORMATION SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO THE SIZE AND RESOURCES OF EXPERIAN'S TRIAL COUNSEL, JONES DAY, ITS SPECIALIZATION IN THE DEFENSE OF SIMILAR LAWSUITS, AND THE FACTS THAT IT AND <u>EXPERIAN ARE FROM OUT OF TOWN</u>**

COMES NOW, Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, and hereby moves the Court, in limine, for an order excluding Plaintiff Shaun J. Younger ("Plaintiff") or any of his witnesses or counsel from providing evidence on or otherwise commenting on or referencing: (1) the size or resources of Experian's trial counsel, Jones Day, (2) the fact that Jones Day specializes in the defense of similar lawsuits; (3) the fact that Jones Day is from out of town; or (4) the fact that Experian is large and from out of town. Any such references have no probative value and instead would unfairly prejudice

Experian.  Experian understands that Plaintiff opposes only the part of this motion in limine that seeks to exclude the fact that Experian is from out of town.

## ARGUMENT

Evidence regarding the size or resources of Experian's trial counsel, Jones Day, and the fact that Jones Day specializes in the defense of similar lawsuits is irrelevant to the claims at issue, would only be presented to inflame the jury's passions and would unduly prejudice Experian.  "[A]ny evidence of . . . Defendant's counsel's relative wealth, financial condition, power, or size and any relative disparity between the parties is irrelevant and immaterial to any material facts at issue."  *Khan v. H&R Block E. Enters.*, No. 11-202017-civ, 2011 WL 4715201, at *2 (S.D. Fla. Oct. 5, 2011) (holding that "no party shall make any such reference during trial"); *see also Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 2:10-cv-1494, 2017 WL 4038858, at *5 (D. Nev. Sep. 13, 2017) (holding that even if evidence of the size of defendant's law firm "was relevant, the minimal probative value offered by such evidence would likely be substantially outweighed by the danger of unfair prejudice and confusion of the issues").

Like evidence "that a company is publicly-traded nor the fact that a company employs 'in-house' counsel or other resources," evidence relating to Jones Days' size and specialization of similar lawsuits "enables disparagement based on size or wealth."  *See Advanced Cartridge Tech., LLC v. Lexmark Intern.*,

*Inc.*, 2012 WL 12096443, at *2 (M.D. Fla. Mar. 26, 2012); *see also Adams Labs., Inc. v. Jacobs Eng'g Co., Inc.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal."); Fed. R. Evid. 401, 402, 403. As Experian explained in its first Motion in Limine (Doc. 92), "a jury generally may not be informed of the wealth or poverty of the parties . . . ." *Warren v. Ford Motor Credit Co.*, 693 F.2d 1373, 1378 (11th Cir. 1982) (citing *Allison v. Acton-Ethridge Coal Co.*, Inc., 289 Ala. 443, 446 (1972)). The risk of unfair prejudice is particularly great where, as here, there is not even a colorable argument for relevance of this information.

Likewise, "[t]here is no doubt whatever that appeals to the regional bias of a jury are completely out of place in a federal courtroom." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 539 (2d Cir. 1992). Comments tending to create hostility to out-of-town parties "improperly distract[] the jury from its sworn duty to hand down a verdict based on the evidence presented to it." *Id.* at 539 (citation omitted). Any references to the fact that Jones Day and Experian are from out of town are irrelevant, inflammatory, and unduly prejudicial to Experian, merely serving to play to any potential residential bias of the jury. *Id.* ("Appeals tending to create feelings of hostility against out-of-state parties are so plainly repugnant

that the Supreme Court long ago stated their condemnation 'require[d] no comment.'" (quoting *New York Central R.R. Co. v. Johnson*, 279 U.S. 310, 319 (1929)). Indeed, circuit courts have held that the admission of these kind of prejudicial and irrelevant references to an out-of-town residency constituted reversible error. *See, e.g.*, *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 275-78 (5th Cir. 1998) (remanding for new trial on damages because of prejudicial statements appealing to local bias against out of town corporate defendant); *Pappas*, 963 F.2d at 539-41 (granting new trial on grounds that defense counsel's summation attempted to arouse the regional prejudice of the jury by making references to the fact that plaintiff was from out of town). Given the potential for unfair prejudice and lack of probative value, Experian requests that this Court order Plaintiff's counsel not to refer to the fact that Jones Day is from out of town or the fact that Experian is from out of town. *See Hensley v. Bulk Transp.*, No. 2:13cv3-KS-MTP, 2014 WL 2515201, at *6-7 (S.D. Miss. June 4, 2014) (granting defendants' motion in limine to prohibit plaintiff's counsel from making arguments to the jury appealing to local prejudice against non-resident defendants or referring to their size or wealth); *see also* Fed. R. Evid. 403 (relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

## CONCLUSION

For the reasons set forth above, this Court should grant Experian's motion in limine in its entirety and enter an Order prohibiting any reference to (1) the size or resources of Experian's trial counsel, Jones Day, (2) the fact that Jones Day specializes in the defense of similar lawsuits; (3) the fact that Jones Day is from out of town; and (4) the fact that Experian is large and from out of town.

Dated: May 7, 2018

Respectfully submitted,

/s/ L. Jackson Young, Jr.
L. Jackson Young, Jr.
Ferguson Frost Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, AL 35242
Telephone: (205) 879-8722
Facsimile: (205) 879-8831
LJY@ffmylaw.com

Gregory R. Hanthorn
ASB 4664 N76G
Rebecca Crawford Reynolds
*Pro Hac Vice*
JONES DAY
1420 Peachtree Street, N.E., Ste. 800
Atlanta, GA 30309-3053
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
ghanthorn@jonesday.com
rreynolds@jonesday.com

*Counsel for Defendant*

*Experian Information Solutions, Inc.*

{W0560935.1 }
NAI-1503589375

- 6 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2018, I served the foregoing document on the counsel of record listed below via electronic mail and U.S. Mail:

W. Whitney Seals
Cochrun & Seals LLC
P.O. Box 10448
Birmingham, AL  35202-0448
Telephone:  (205) 323-3900
Facsimile:  (205) 323-3906
filings@plc-law.com

John C. Hubbard
John C. Hubbard LLC
2015 First Avenue North
Birmingham, AL  35203
Telephone:  (205) 378-8121
Facsimile:  (205) 690-4525
jch@jchubbardlaw.com

*Attorneys for Plaintiff*
*Shaun Younger*

> */s/ L. Jackson Young, Jr.*
> L. Jackson Young, Jr.
>
> *Counsel for Defendant*
> *Experian Information Solutions, Inc.*