FILED
2018 May-07  PM 05:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAUN J. YOUNGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 2:15-cv-00952-SGC |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC; EXPERIAN | ) | UNOPPOSED |
| INFORMATION SOLUTIONS, INC.; | ) | |
| and EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE DAMAGES RECITED IN COMPLAINT BUT NOT SPECIFICALLY IDENTIFIED IN PLAINTIFF'S DAMAGES LIST

COMES NOW, Defendant Experian Information Solutions, Inc. ("Experian"), through its counsel, and hereby moves the Court, in limine, for an order prohibiting Plaintiff Shaun J. Younger ("Plaintiff") or any of his witnesses or counsel from providing evidence on or otherwise commenting on or referencing any damages not specifically identified in Plaintiff's Damages List (Doc. 90) (the "Damages List").

## ARGUMENT

On January 29, 2018, the Court entered a Pretrial Order (Doc. 76) (the "Order"), adopting the Standard Pretrial Procedures.  (Doc. 76 at 2 § (6)(b),

{W0560950.1 }

Ex. A.)  The Standard Pretrial Procedures required Plaintiff to "file a list itemizing all damages and equitable relief being claimed or sought, showing the amount and, where applicable, the method and basis of computation, of such items" 30 calendar days before trial. (Doc. 76, Ex. A.)  The Court's Order set a trial date of May 21, 2018.  (Doc. 76 at 5.)

On April 23, 2018, Plaintiff filed his Damages List, (Doc. 90), disclosing the following damages:

- Statutory, compensatory, and punitive damages;

- Attorney's fees, costs and other expenses;

- Mental anguish and emotional distress;

- Pain and suffering associated with "increased stress" associated with Experian's April 15, 2015 letter;

- Headaches and sleeplessness; and

- Escalated stress "as a result of the events of this lawsuit";

No other damages were disclosed, and the deadline by which Plaintiff was required to disclose his damages has now passed.  (*See* Doc. 76 at 2 § (6)(b), Ex. A.)

Plaintiff should therefore be limited to the claimed damages disclosed in his Damages List and nothing more.  *See, e.g.*, *Swoope v. CSX Transportation, Inc.*, No. 4:13-CV-0307-HLM, 2015 WL 12564948, at *7 (N.D. Ga. July 29, 2015) (excluding damages categories not disclosed in accordance with the local rules).

For instance, Plaintiff's Complaint, (Doc. 1), references the following damages not included in the Damages List:

- Any negative reflection on Plaintiff (Doc. 1 at ¶ 34.);

- Any negative reflection on Plaintiff's "financial responsibility as a debtor" (*id.*);

- Any negative reflection on Plaintiff's "credit worthiness" (*id.*);

- Loss of credit (*id.* ¶ 39.);

- Loss of the "ability to purchase and benefit from credit" (*id.*);

- Humiliation (*id.*);

- Embarrassment (*id.*); and

- Interest (*id.* at ¶ 56.).

Plaintiff failed to disclose these or any other categories of damage in his Damages List; therefore, evidence of or comments or references to such claimed damages should not be admitted because to do so would unduly prejudice Experian's ability to prepare for trial and counter Plaintiff's damages theory. *See* Fed. R. Evid. 403. Further, Plaintiff's introduction of evidence regarding damages categories other than those disclosed on Plaintiff's Damages List would waste time and prejudice Experian by confusing and misleading the jury. *Id.*

Plaintiff also should be precluded from introducing evidence regarding damages not included on his Damages List to the extent Plaintiff failed to include

these categories of damage in his Initial Disclosures (*See* Doc. 38-4 at 3).  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring that a party disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.").  Federal Rule of Civil Procedure 37(c) describes the typical remedy for such nondisclosure, stating, "If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or harmless."

## **CONCLUSION**

For the reasons set forth above, this Court should grant Experian's motion in limine in its entirety and enter an Order prohibiting Plaintiff or any of his witnesses or counsel from providing evidence on or otherwise commenting on or referencing any damages not specifically identified in Plaintiff's Damages List.

Dated: May 7, 2018                            Respectfully submitted,

                                             */s/ L. Jackson Young, Jr.*
                                             L. Jackson Young, Jr.
                                             FERGUSON FROST MOORE &
                                             YOUNG, LLP
                                             1400 Urban Center Drive, Ste. 200
                                             Birmingham, AL  35242
                                             Telephone:  (205) 879-8722
                                             Facsimile:  (205) 879-8831
                                             Email:  LJY@ffmylaw.com

                                             Gregory R. Hanthorn
                                             ASB 4664 N76G
                                             Rebecca Crawford Reynolds
                                             Pro Hac Vice
                                             JONES DAY
                                             1420 Peachtree Street, N.E., Ste. 800
                                             Atlanta, GA  30309-3053
                                             Telephone:  (404) 521-3939
                                             Facsimile:  (404) 581-8330
                                             Email:   ghanthorn@jonesday.com
                                                      rreynolds@jonesday.com

                                             *Attorneys for Defendant*
                                             *Experian Information Solutions, Inc.*

{W0560950.1 }                          - 5 -

# <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of May, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ L. Jackson Young, Jr.*
L. Jackson Young, Jr.