FILED
2018 May-07  PM 08:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHAUN J. YOUNGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action Number** |
| **v.** | ) | **2:15-cv-00952-SGC** |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC; EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.;** | ) | |
| **and EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
### OBJECTIONS TO PLAINTIFF'S WITNESS LIST

Defendant Experian Information Solutions, Inc. ("Experian") submits the following objections to Plaintiff's Amended Witness List (Doc. 91) and Plaintiff's Supplement to Amended Witness List (Doc. 94).

- **Plaintiff's Witness No. 2 – A corporate representative of Experian Information Solutions, Inc.**

Experian understands that Experian employee Mary Methvin is the person meeting this description.

- **Plaintiff's Witness No. 3 – Jason Scott by deposition since Plaintiff learned that Experian is not bringing Mr. Scott to testify live**

Mr. Scott is no longer employed by Experian due to his taking employment with another company.

<u>Objections</u>

Experian objects to Plaintiff's designation of the entire transcript of Mr. Scott's deposition in Plaintiff's Amended Witness List (*See* Doc. 91 at p. 1, Plaintiff's Witness No. 3).  On May 3, 2018, Plaintiff filed Plaintiff's Supplement to Amended Witness List (Doc. 94), which was untimely. Experian reserves any evidentiary objections to Plaintiff's use of the testimony that Plaintiff has later designated, including without limitation objections based upon relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence, and hearsay (*see* Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence) as well as any objections to the form of the questions interposed by Plaintiff's counsel at the deposition (including without limitation lack of foundation, assumption of facts not in evidence, vagueness, and compound questions).

<u>Counter-Designations</u>

Experian provides the following counter-designations to Plaintiff's untimely page and line designations filed May 3, 2018 (Doc. 94).

*Experian reserves the right to read any portion of Plaintiff's designated testimony at trial, any portion of Experian's designated testimony at trial, and further reserves the right to read any portion of Mr. Scott's deposition at trial for purposes of completeness.  *See* Fed. R. Evid. 106.  Further, per the Court's Exhibit

A to Pretrial Order, Experian reserves all objections under Rules 402 and 403 of the Federal Rules of Evidence. *See* Doc. 76 (Pretrial Order).

**Deposition of Jason Scott, Volume 1**

| Plaintiff's Deposition Designation | Experian's Objections* | Experian's Counter Designations* |
|---|---|---|
| P. 6, line 17 – P. 7, line 6 | | 12:11-13:15<br>14:16-15:18 |
| P. 8, line 15-20 | | |
| P. 13 line 20 – P. 14 line 15 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics. | |
| P. 22 line 5 – P. 23, line 14 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent the questions call for speculation. | |

| | | |
|---|---|---|
| P. 24 line 20 - 25 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence, (FRE 401, 402, 403) | |
| P. 25, line 14 – 23 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | 25:4-11 |
| P. 26 line 13-20 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) | 26:4-12 |

| P. 27 line 2-20 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics and calls for speculation.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | 26:21 – 27:1 |
| P. 28 line 10 – P. 29 line 20 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the | |

| | | |
|---|---|---|
| | extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics and calls for speculation.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 32 line 7 – 25 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. | |

| | | |
|---|---|---|
| | 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 33 line 14 - P. 34 line 3 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |

| | | |
|---|---|---|
| P. 34 line 9-15 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 35 line 23 – P. 36 line 17 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond | |

| | | |
|---|---|---|
| | what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 37 line 16- P. 38 line 5 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | 71:6-25 (including Exhibit 5) |
| P. 43 line 2-12 | Relevance, unfair prejudice, confusion of the issues, misleading the | 43:13-25<br>44:24-45:1<br>53:23-54:6 |

| | | |
|---|---|---|
| | jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | 55:3-9<br>62:20-64:1 |
| P. 45 line 2-4 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including | 43:13-25<br>44:24-45:1<br>53:23-54:6<br>55:3-9<br>62:20-64:1 |

| | without limitation filing it in the public record. | |
|---|---|---|
| P. 49 line 20 –P. 51 line 6 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 51 line 13 – P. 54 line 10 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. | |

| | | |
|---|---|---|
| | 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 55 line 3-14 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 56, line 24 – P. 58 line 6 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) | |

|  | | |
|---|---|---|
|  | Experian objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. |  |
| P. 58, line 24 –P. 59 line 3 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established. | 59:4-7<br>59:11-60:22 |

| | | |
|---|---|---|
| | Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 62, line 2-10 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 62, line 20 – P. 65 line 20 | Relevance, unfair prejudice, confusion of the issues, misleading the | |

| | | |
|---|---|---|
| | jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 66, line 9 – P. 73, line 17 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian objects to the extent that the questions call for speculation and | |

| | are argumentative. Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
|---|---|---|
| P. 73, line 24 – P. 74, line 9 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 90, line 23 –P. 91, line | Relevance, unfair | 91:22-92:6 |

| 12 | prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) | |
| --- | --- | --- |
| P. 92 line 21 – P. 94, line 25 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 95 line 9 – P. 98 line 8 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) | |

| | | |
|---|---|---|
| | Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 100 line 1 – P. 107 line 20 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 108 line 11 – P. 109 line 3 | Relevance, unfair prejudice, confusion of the issues, misleading the | |

| | | |
|---|---|---|
| | jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 109 line 21 – P. 111 line 20 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects on the grounds of completeness and reserves the right to read in the remainder of Exhibit 5 or other pertinent material.<br><br>Experian objects to the form of the questions, including compound questions, and objects to | |

| | | |
|---|---|---|
| | the extent the questions call for speculation, including questioning regarding the state of mind or mental impressions of a non-party.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 121 line 5 – P. 123 line 17 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics.<br><br>Experian objects to the form of the questions, including that they are | |

| | | |
|---|---|---|
| | vague and ambiguous, and objects to the extent the questions call for speculation, including questioning regarding materials to which a non-party might have had access. | |
| P. 124 line 2 – P. 137 line 8 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics.<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous, and objects to the extent the questions call for speculation, including questioning regarding other disputes not at issue in this lawsuit, regarding the actions of other consumer reporting agencies, and regarding the actions or mindset of Plaintiff.  Experian further objects to the extent that | |

| | | |
|---|---|---|
| | the questions call for legal conclusions.<br><br>Experian further objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 141 line 8 – P. 144 line 9 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics. | 141:3-7 |

|  | Experian objects to the form of the questions, including that they are vague and ambiguous, and objects to the extent the questions call for speculation, including questioning regarding other disputes not at issue in this lawsuit.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. |  |
| P. 151 line 21 – P. 152, line 20 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. |  |

| | | |
|---|---|---|
| | 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 156 line 12 – P. 159, line 18 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that testimony is outside the scope of the Rule 30(b)(6) Deposition Topics.<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous, and objects to the extent the questions call for speculation, including questioning regarding other disputes not at issue in this lawsuit.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. | 156:6-11 |

| | 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |

**Deposition of Jason Scott, Volume 2**

| Plaintiff's Deposition Designation | Experian's Objections* | Experian's Counter Designations* |
|---|---|---|
| P. 5 line 24 – P. 6 line 11 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the | |

| | | |
|---|---|---|
| | Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 6 line 18 – P. 8 line 4 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as "Confidential – Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 8 line 17 – P. 9 line 3 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) | |

| | | |
|---|---|---|
| | Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as "Confidential – Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 9 line 11-21 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as "Confidential – Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted | |

| | | |
|---|---|---|
| | by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 10 line 6-13 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as "Confidential – Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 11 line 1 – P. 12 line 11 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, | |

| | | |
|---|---|---|
| | 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as "Confidential – Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 12 line 16 – P. 15 line 15 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the extent that Plaintiff's questions call for speculation.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as | |

| | | |
|---|---|---|
| | "Confidential – Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 15 line 25 – P. 17 line 15. | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague, ambiguous, and confusing, and objects to the extent the questions call for speculation.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as "Confidential – Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is | |

| | beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| --- | --- | --- |

- **Plaintiff's Witness No. 5 – A corporate representative from Experian to testify regarding Experian's 2015 annual report, net worth, and/or the amount of profit Experian made in 2015**

Experian objects to Plaintiff's designation of "[a] corporate representative from Experian to testify regarding Experian's 2015 annual report, net worth, and/or the amount of profit Experian made in 2015" on the grounds that Plaintiff failed to identify a specific individual.  Such failure does not provide Experian with proper notice of the person to testify at trial.  Further, Experian has agreed in the event of an adverse finding of willfulness to provide a stipulation as to Experian Information Solutions, Inc.'s net worth as of March 31, 2015, and net income for the fiscal year ending March 31, 2015.

Further, any evidence regarding any annual report or Experian's net worth and/or the amount of profit Experian made in 2015 is inappropriate and prejudicial, as well as irrelevant, unless and until liability for Plaintiff's punitive damages claim is established.  Moreover, any testimony regarding "Experian's 2015 annual report," which reference is itself vague and ambiguous, is irrelevant and misleading to the extent it refers to an annual report prepared by another entity

within Experian's corporate family, rather than the defendant here, Experian Information Solutions, Inc.

- **Plaintiff's Witness No. 6 – Paz Salinas by deposition**

Objections

Experian objects to Plaintiff's designation of the entire transcript of Ms. Salinas's deposition. In his filing (Doc. 91), Plaintiff listed "Paz Salinas by deposition." On May 3, 2018, Plaintiff filed Plaintiff's Supplement to Amended Witness List (Doc. 94), which was untimely. Experian reserves any evidentiary objections to Plaintiff's use of the testimony that Plaintiff has later designated, including without limitation objections based upon relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence, and hearsay (*see* Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence) as well as any objections to the form of the questions interposed by Plaintiff's counsel at the deposition (including without limitation lack of foundation, assumption of facts not in evidence, vagueness, and compound questions).

Counter-Designations

Experian provides the following counter-designations to Plaintiff's untimely page and line designations filed May 3, 2018 (Doc. 94).

   *Experian reserves the right to read any portion of Plaintiff's designated testimony at trial, any portion of Experian's designated testimony at trial, and further reserves the right to read any portion of Ms. Salinas's deposition at trial for purposes of completeness.  *See* Fed. R. Evid. 106.  Further, per the Court's Exhibit A to Pretrial Order, Experian reserves all objections under Rules 402 and 403 of the Federal Rules of Evidence.  *See* Doc. 76 (Pretrial Order).

**Deposition of Paz Salinas**

| Plaintiff's Deposition Designation | Experian's Objections* | Experian's Counter Designations* |
|---|---|---|
| P. 7, line 9 - P. 9, line 10 | | |
| P. 9, line 14 - 16 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) | |
| P. 10, line 2 - P. 11, line 11 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403) | |
| P. 11, line 22 - P. 15, line 17 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly | |

| | | |
|---|---|---|
| | presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 16, line 14 - P. 18, line 6 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |

| | | |
|---|---|---|
| P. 18, line 20 - P. 19, line 9 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian also objects to the extent the questions call for speculation. | |
| P. 19, line 13 - P. 21, line 8 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian also objects to the extent the questions call for speculation. Experian also objects on the grounds of hearsay. (FRE 801, 802)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including | 22:2-12<br>45:15-18 |

| | without limitation filing it in the public record. | |
|---|---|---|
| P. 21, line 13 - P. 22, line 1 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian also objects to the extent the questions call for speculation.<br><br>Experian also objects on the grounds of hearsay. (FRE 801, 802)<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | 22:2-12<br>45:15-18 |
| P. 23, line 23 - P. 24, line 9 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative | 26:5-18<br>32:10-33:12<br><br>Deposition of Jason Scott, Vol. 1, 66:9-20;  67:2-68:2; 124:18-125:16; |

| | | |
|---|---|---|
| | evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26).  Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | 148:17-149:6 |
| P. 24, line 13 - 18 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's | 26:5-18<br>32:10-33:12<br><br>Deposition of Jason Scott, Vol. 1, 66:9-20;  67:2-68:2; 124:18-125:16; 148:17-149:6 |

| | | |
|---|---|---|
| | Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 25, line 2 - P. 29, line 9 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | 32:10-33:12<br><br>Deposition of Jason Scott, Vol. 1, 66:9-20; 67:2-68:2; 124:18-125:16; 148:17-149:6 |
| P. 29, line 18 - P. 30, line 4 | Relevance, unfair prejudice, confusion of | |

| | | |
|---|---|---|
| | the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous.<br><br>Experian further objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established. | |
| P. 31, line 1 - P. 32, line 9 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous and call for speculation.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. | 26:5-18<br>32:10-33:12<br><br>Deposition of Jason Scott, Vol. 1, 66:9-20;  67:2-68:2; 124:18-125:16; 148:17-149:6 |

| | | |
|---|---|---|
| | 26). Experian objects to the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 34, line 4 - P. 39, line 5 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous and that they call for speculation.<br><br>Experian further objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26). Experian objects to | 26:5-18<br>32:10-33:12<br><br>Deposition of Jason Scott, Vol. 1, 66:9-20; 67:2-68:2; 68:13-22; 121:10-16 124:18-125:16; 148:17-149:6 |

| | | |
|---|---|---|
| | the extent that the use of this testimony is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 35, line 13 - P. 42, line 4 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous and that they call for speculation.<br><br>Experian further objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian designated this testimony, or portions thereof, as "Confidential" pursuant to the Court's Protective Order (Doc. 26) and the exhibit as "Confidential – | Deposition of Jason Scott, Vol. 1, 66:9-20;  67:2-68:2; 68:13-22; 121:10-16 124:18-125:16; 148:17-149:6 |

| | | |
|---|---|---|
| | Attorneys' Eyes Only." Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| P. 42, line 10 - P. 44, line 22 | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous and that they call for speculation.<br><br>Experian further objects that the question assumes facts not in evidence as attorney states preamble to question as fact when fact has not been established.<br><br>Experian also objects on the grounds of hearsay. (FRE 801, 802) | |

| | Experian designated the exhibit as "Confidential – Attorneys' Eyes Only" pursuant to the Court's Protective Order (Doc. 26) and Experian objects to the extent that the use of this testimony or the exhibit is beyond what is permitted by the Court's Protective Order (Doc. 26), including without limitation filing it in the public record. | |
| --- | --- | --- |
| P. 45, line 20 - P. 46, line 5. | Relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence (FRE 401, 402, 403)<br><br>Experian objects to the form of the questions, including that they are vague and ambiguous and that they call for speculation. | Deposition of Jason Scott, Vol. 1, 66:9-20;  67:2-68:2; 68:13-22; 121:10-16 124:18-125:16; 148:17-149:6 |

- **Plaintiff's Witness No. 7 – Pamela Smith by deposition**

Experian objects to Plaintiff's designation of the entire transcript of Ms.

Smith's deposition.  In his filing (Doc. 91), Plaintiff lists "Pamela Smith by

deposition."  Given that Plaintiff did not designate specific page and line numbers

of testimony actually anticipated for use, Experian reserves any evidentiary

objections to Plaintiff's use of whatever testimony Plaintiff may later designate,

including without limitation objections based upon relevance, unfair prejudice,

confusion of the issues, misleading the jury, undue delay, waste of time, and/or

needlessly presenting cumulative evidence, and hearsay (*see* Rules 401, 402, 403,

801, and 802 of the Federal Rules of Evidence) as well as any objections to the

form of the questions interposed by Plaintiff's counsel at the deposition (including

without limitation lack of foundation, assumption of facts not in evidence,

vagueness, and compound questions).

Counter-Designations

      Given Plaintiff's designation of the entire transcript of Ms. Smith's

deposition, Experian reserves the right to read any portion of Ms. Smith's

deposition at trial.  *See* Fed. R. Evid. 106.

- **Plaintiff's Witness No. 8 – Any person(s) deposed in this matter**

      Experian objects to Plaintiff's designation of a "[a]ny person deposed in this

matter" on the grounds that Plaintiff has failed to identify a specific individual.

Such failure does not provide Experian with proper notice of the person to testify

at trial.

      Further, and to the extent Plaintiff intends to use deposition testimony of the

"person(s) deposed in this matter," Experian objects to Plaintiff's failure to

designate specific portions of such transcripts.  Given that Plaintiff did not designate specific page and line numbers of testimony actually anticipated for use, Experian reserves any evidentiary objections to Plaintiff's use of whatever testimony Plaintiff may later designate, including without limitation objections based upon relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence, and hearsay (*see* Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence) as well as any objections to the form of the questions interposed by Plaintiff's counsel at the deposition (including without limitation lack of foundation, assumption of facts not in evidence, vagueness, and compound questions).

Counter-Designations

Given Plaintiff's failure to identify a specific person or designate specific portions of transcripts, Experian reserves the right to read any portion of transcripts offered at trial.  *See* Fed. R. Evid. 106.

- **Plaintiff's Witness No. 9 – Any person(s) who have offered an affidavit in this matter**

Experian objects to Plaintiff's designation of a "[a]ny person who has offered an affidavit in this matter" on the grounds that Plaintiff has failed to identify a specific individual.  Such failure does not provide Experian with proper notice of the person to testify at trial.

Further, and to the extent Plaintiff intends to use the affidavits of the "person(s) who have offered an affidavit in this matter" at trial, Experian objects to Plaintiff's failure to identify specific affidavits.  Experian, therefore, reserves any evidentiary objections to Plaintiff's use of whatever affidavits Plaintiff may later identify, including without limitation objections based upon relevance, unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence, and hearsay (*see* Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence).

Counter-Designations

Given Plaintiff's failure to identify a specific person or specific affidavits, Experian reserves the right to read any portion of such affidavits if offered at trial. *See* Fed. R. Evid. 106.

- **Plaintiff's Witness No. 12 – Any witness(es) whose name is revealed through subsequent discovery**

Experian objects to Plaintiff's designation of a "[a]ny witness(es) whose name is revealed through subsequent discovery" on the grounds that Plaintiff has failed to identify a specific individual.  Such failure does not provide Experian with proper notice of the person to testify at trial.

Experian reserves any evidentiary objections to any testimony of any person whom Plaintiff failed to specifically identify or the individuals Plaintiff has designated to testify by deposition including without limitation completeness;

relevance; unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, and/or needlessly presenting cumulative evidence; lack of personal knowledge; and hearsay (*see* Rules 106, 401, 402, 403, 602, 801, and 802 of the Federal Rules of Evidence).

Dated: May 7, 2018                          Respectfully submitted,

                                            */s/ L. Jackson Young, Jr.*
                                            L. Jackson Young, Jr.
                                            FERGUSON FROST MOORE &
                                            YOUNG, LLP
                                            1400 Urban Center Drive, Ste. 200
                                            Birmingham, AL  35242
                                            Telephone: (205) 879-8722
                                            Facsimile: (205) 879-8831
                                            Email:  ljy@ffmylaw.com

                                            Gregory R. Hanthorn
                                            ASB 4664 N76G
                                            Rebecca Crawford Reynolds
                                            Pro Hac Vice
                                            JONES DAY
                                            1420 Peachtree Street, N.E., Ste. 800
                                            Atlanta, GA  30309-3053
                                            Telephone: (404) 521-3939
                                            Facsimile: (404) 581-8330
                                            Email:  ghanthorn@jonesday.com
                                                    rreynolds@jonesday.com

                                            *Attorneys for Defendant*
                                            *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of May, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

W. Whitney Seals
PATE & COCHRUN, LLP
P.O. Box 10448
Birmingham, AL 35202
Telephone: (205)323-3900
filings@plc-law.com

John C. Hubbard, Esq.
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, AL  35201
jch@jchubbardlaw.com
*Attorney for Plaintiffs*

<u>*/s/ L. Jackson Young, Jr.*</u>
L. Jackson Young, Jr.