UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAUN J. YOUNGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:15-cv-00952-SGC |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The court has before it the April 24, 2018 motion in limine filed by Defendant Experian Information Solutions, Inc. ("Experian"). (Doc. 92). The motion seeks to exclude Plaintiff or any witness or counsel "from providing evidence on or otherwise commenting on or referencing the size, net worth, or financial condition of Experian unless or until liability for the punitive damages claim is established." (*Id*. at 1). Plaintiff filed a response in opposition and Experian filed a reply. (Docs. 93, 96). The motion is under submission and due to be denied for the following reasons.

Experian argues the evidence is highly prejudicial and irrelevant as to whether it is liable under the Fair Credit Reporting Act or the amount of any damages for a negligent violation. (Doc. 92 at 2-3). Experian contends excluding such evidence would not require witnesses to "come back" and testify again

because Experian has "agreed to produce via stipulation its net worth and income for the 2015 fiscal year." (Doc. 96 at 3). Experian also argues there is less opportunity for jury confusion under its approach. (Doc. 92 at 3-4). As such, Experian contends any such evidence should be excluded unless there is a determination of liability on Plaintiff's punitive damages claim. (*Id*.).

The court disagrees. Experian's motion essentially asks the court to bifurcate the trial into two phases. The court is unwilling to do so as it would not "expediate and economize" the trial of this case. Fed. R. Civ. P. 42(b). In a case such as this one, bifurcation is not in the interest of judicial economy. There is an overlap between the issues of liability and punitive damages. While the court understands Experian's argument regarding the prejudicial effect such evidence could have on a jury, any prejudice can be mitigated by appropriate limiting instructions. Experian's motion in limine is **DENIED**. (Doc. 92).

**DONE** and **ORDERED** this 8th day of May, 2018.

*/s/ Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE