FILED

2018 May-14  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAUN J. YOUNGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-00952-SGC |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The court has before it six motions in limine.  The first motion was filed by Plaintiff and addresses nine separate evidentiary issues.  (Doc. 99).  The remaining five motions were filed by Defendant.  (Docs. 100-104).  For the following reasons, Plaintiff's motion is due be granted in part and denied in part, and Defendant's motions are due to be granted.

### A.  Plaintiff's Motion in Limine (Doc. 99)

Plaintiff seeks to exclude the following: (1) the existence of the underlying debt; (2) attorneys' motives, especially with regard to the fee shifting provisions of the FCRA; (3) actions and conduct of Equifax or Portfolio Recovery Associates ("PRA"); (4) argument or evidence that Experian's conduct did not negligently violate the FCRA; (5) evidence of Plaintiff's settlement and settlement amount with Equifax and PRA; (6) evidence of why Plaintiff's March 30, 2015 letter was

deemed suspicious; (7) Plaintiff's obligations after sending the dispute letter; (8) other information on Plaintiff's credit file; and (9) evidence or argument that Plaintiff did not directly send the dispute to Experian.  (Doc. 99 at 2-8).  Defendant filed a response in opposition to motion.  (Doc. 109).  For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.  (Doc. 99).

The court has already ruled on some of the issues contained in the motion in limine and will not revisit those rulings.  First, with regard to issues four and nine, the court concluded Plaintiff established two of the four elements of Plaintiff's negligent noncompliance claim: (1) Plaintiff submitted a dispute to Experian under 15 U.S.C. § 1681i(a)(1)(A); and (2) Experian violated its duty to reinvestigate on the basis of Plaintiff's dispute.  The issues of injury and causation are for the jury. Second, with regard to issue five, the court granted Experian's motion to require Plaintiff to disclose the settlement agreements and stated it was Experian's strategic decision as to whether or not to inform the jury.  As such, the motion is **DENIED** with regard to these issues.

Issue one seeks to exclude information regarding the "existence of the underlying PRA debt."  (Doc. 99 at 2).  After reading Plaintiff's argument, however, what Plaintiff actually seeks to exclude is argument from Defendant regarding the validity of the PRA debt.  The existence of the debt is relevant and admissible.  Argument regarding the validity is not.  Therefore, to the extent issue

one seeks to preclude evidence and argument regarding the validity of the PRA debt, it is **GRANTED**.

Issue two seeks to exclude mention of attorneys' fees and motives. Experian does not oppose the issue as presented by Plaintiff. Experian's argument in opposition goes well beyond the argument made by Plaintiff. The motion with regard to issue two is **GRANTED**.

Issue three seeks to "preclude Defendant from alluding to, in any manner, the existence of FCRA claims against Equifax or PRA." (Doc. 99 at 4). The court agrees with Plaintiff that any reference to Equifax is irrelevant to the claims against Experian. The PRA debt, however, is relevant for the reasons stated above. As such, Experian will be permitted to discuss the existence of the PRA debt.[1]

With regard to the limited issue contained in issue six, it is **GRANTED**. Experian concedes it cannot present evidence from a person with knowledge that Experian's procedures were followed to the letter in this case and explain why Plaintiff's letter was deemed suspicious.

Plaintiff's motion is **GRANTED** with regard to issue seven. As admitted by Defendant, the court concluded Experian violated its duty to reinvestigate on the

---

[1] The court may revisit this decision to the extent Defendant chooses to introduce evidence of the settlement between Plaintiff and Equifax and/or Plaintiff and PRA.

basis of Plaintiff's dispute.  Plaintiff did not have any obligation to call Experian or send Experian another letter.[2]  The statute does not require it.

Plaintiff's motion is **DENIED** as it relates to issue eight, other information on Plaintiff's credit file.  The information is relevant as it relates to Plaintiff's injury and whether or not Defendant's actions caused his injuries.

### B.  Defendant's Motions in Limine (Docs. 100-104)

Defendant seeks to exclude the following: (1) reference to the size and resources of Experian's trial counsel, its specialization in the defense of similar lawsuits, and that it and Experian are from out of town; (2) medical testimony; (3) reference to any other actions or settlements; (4) damages recited in the complaint but not specifically identified in Plaintiff's damages list; and (5) evidence about non-party Experian plc.  (Docs. 100-04).  Despite being instructed to do so, Plaintiff did not respond to any of Defendant's motions in limine.  (*See* Doc. 108).

As to the first motion, it is **GRANTED**.  (Doc. 100).  Plaintiff and any of his witnesses or counsel may not provide evidence or otherwise comment on the size or resources of Experian's trial counsel, Jones Day, that Jones Day specializes in the defense of similar lawsuits, that Jones Day is from out of town, and that Experian is large and from out of town.  None of this evidence is relevant to the claims at issue and would be unduly prejudicial.  Fed. R. Evid. 401, 403.

---

[2] Of course, Experian may present evidence of its response to Plaintiff's letter, in which it asked Plaintiff to call, but Experian may not argue Plaintiff had a duty or obligation to call.

Defendant's second motion is **GRANTED** to the extent it seeks to exclude medical causation testimony.  (Doc. 101).  "[M]edical causation . . . presents a technical and scientific issue that requires the specialized knowledge of an expert medical witness."  *Wingster v. Head*, 318 F. App'x 809, 815 (11th Cir. 2009). Plaintiff has not identified a medical expert in this case.  Plaintiff will, however, be permitted to testify about his symptoms and the timing of those symptoms.

As to the third motion, Defendant seeks to exclude evidence of other actions or settlements against Experian.  It is **GRANTED**.  (Doc. 102).  Such evidence is irrelevant to the instant action and prejudicial for the purposes of Rule 403.  Even if such evidence has some probative value, it would likely confuse and mislead the jury from evaluating Plaintiff's claims in this case.

The last two motions are also **GRANTED**.  (Docs. 103 & 104).  Plaintiff may only provide evidence of the damages identified in his damages list.  (*See* Doc. 90).  Additionally, Plaintiff shall not introduce evidence related to Experian plc. (Doc. 104).  It is unclear what information is at issue here, other than exhibit number 4 in Plaintiff's supplemental exhibit list, "Experian's 2015 Annual Report."  (Doc. 95-1).   Experian does not provide a publically available annual report, so Defendant assumes Plaintiff seeks to introduce the annual report of Experian's parent company, Experian plc.  (Doc. 104 at 1-2).  This evidence was not produced in discovery and constitutes inadmissible hearsay.   Moreover,

evidence of Experian plc's financial information is irrelevant and prejudicial.  Fed. R. Evid. 401, 403.

Additionally, the court **SETS** a final pretrial hearing for **Friday, May 18, 2018, at 10:00 a.m.** in the chambers of the undersigned, located at the Hugo Black U.S. Courthouse 1729 Fifth Avenue North, Birmingham, Alabama.

**DONE** and **ORDERED** this 14th day of May, 2018.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE