**FILED**
2018 May-22 PM 06:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAUN J. YOUNGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00952-SGC |
| | ) | |
| EXPERIAN INFORAMTION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COURT'S INSTRUCTIONS TO THE JURY</u>

### Introduction

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

A jury trial has, in effect, two judges.   I am one of the judges; the other judge is the jury.   My duty is to preside over the trial and to decide what evidence is proper for your consideration.   My duty at the end of the trial is to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give some general instructions that apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses.   Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

1

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that

decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.

The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Objections

During the trial, I ruled on objections by the lawyers about whether certain evidence can be presented. It is a lawyer's job to make objections if the lawyer believes that an objection is proper. Do not concern yourself with why I ruled as I did, because my ruling is based on rules of law. You must not guess about what the possible testimony or exhibits may have been. If I overrule an objection and allow the evidence, my ruling does not indicate whether you should believe that evidence. You should consider that evidence along with all of the other evidence in the case. You must not consider any evidence that I excluded.

Under our system, I am the judge of the law. You, the jury, are the only judges of the facts. It is up to you to determine whether a witness is telling the truth. I cannot give you my opinion of the case or comment on the evidence. You should not consider any rulings I have made or anything that I have said or done as an indication from me about how you should decide the case. If you find that any witness has willfully sworn falsely as to a material fact in this case, you may disregard the testimony of that witness in its entirety.

## Stipulations

4

As I previously instructed, the parties have reached a stipulation – that is, they have agreed that certain facts are true. I previously read to you the parties' stipulation as to Experian's net worth and net profit for the relevant time period. You must treat these facts as proved for this case.

However, evidence of Experian's net worth and net profit has been received in evidence for only the limited purpose of assisting you in determining the amount of an award of punitive damages, if any. You may not consider the evidence of Experian's net worth or net profit for determining any issue except the one issue on which it was received – the amount of an award of punitive damages – and you should consider it only for that purpose if you first have already found by clear and convincing evidence that Experian's violation of the Fair Credit Reporting Act was willful and that punitive damages should be awarded.

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Paz Salinas has been presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live

5

testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**In-Trial Instructions on News Coverage**

Reports about this trial, or about this incident, may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**Proximate Cause**

"Proximate cause" means there must be a connection between Experian's conduct that Mr. Younger claims was negligent and the injury complained of by Plaintiff Younger.   The act—that is, Experian not reinvestigating his dispute—Mr. Younger claims to have produced the injury must have been a natural and probable result of Defendant Experian's conduct or this element is not satisfied.

**15 U.S.C. §1681(i)(a)(1) (A)**

If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly or indirectly through a reseller of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file, before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

**Essential Elements of Plaintiff's Claim: Negligent Noncompliance with the Act**

Mr. Younger claims Experian negligently failed to comply with the Fair Credit Reporting Act by failing to reinvestigate Mr. Younger's dispute. Before the trial began the Court determined that Experian had a duty to reinvestigate and that Experian did not do so.   You are to treat this issue as resolved.

The Court's finding before trial does not mean that any damages were proximately caused by the breach or that you must award any amount.  For Mr. Younger's claim of negligent noncompliance with the Fair Credit Reporting Act, Mr. Younger has the burden of proof and must persuade you by a preponderance of the evidence on both of the following propositions:

☐ First: Mr. Younger was injured; and

7

☐ Second: The negligence of Experian was the proximate cause of injury to Mr. Younger.

Your verdict will be for Mr. Younger if you find that he proved that he was injured, and that Experian's negligence was the proximate cause of his injuries. Your verdict will be for Experian if you find that Mr. Younger did not suffer any injury or if you find that any injuries that he suffered were not proximately caused by Experian's negligence.

**Essential Elements of Plaintiff's Claim: Willful Noncompliance with the Act**

Mr. Younger also claims Experian willfully violated the Act. Mr. Younger has the burden of proof and must persuade you by clear and convincing evidence on each of the following propositions:

First: Experian willfully failed to comply with the Fair Credit Reporting Act—that is, in not reinvestigating Mr. Younger's dispute, Experian either intended to disobey or disregard the law or acted with "an unjustifiably high risk of harm that is either known or so obvious that it should be known."

The term "willfully" means one of two things. First, it can be an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something that the law requires to be done—that is to say, with a purpose either to disobey or disregard the law. Second, it can be an omission or failure to do an act with reckless disregard—that is to say, the party acted with "an unjustifiably high

8

risk of harm that is either known or so obvious that it should be known." Where "the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation," a defendant "who merely adopts one such interpretation" does not act knowingly or recklessly.

Second: In order to recover "actual damages," Mr. Younger must prove by clear and convincing evidence that he was injured; and that the willful failure of Experian to comply was the proximate cause of the injury to Mr. Younger.

Your verdict on this claim will be for Mr. Younger if you find by clear and convincing evidence that the Mr. Younger proved that Experian willfully violated the Fair Credit Reporting Act, that Mr. Younger was injured, and the willful failure to comply was a proximate cause of Mr. Younger's injuries.

Your verdict on this claim will be for Experian if Mr. Younger does not prove by clear and convincing evidence that Experian willfully violated the Act, or if Mr. Younger was not injured, or if Mr. Younger's injury was not proximately caused by the willful violation of the Act.

**Damages for Negligent Noncompliance with the Act**

If your verdict is for Mr. Younger on his claim for negligent noncompliance with the Act, your duty is to determine the amount of money that reasonably, fairly, and adequately compensates Mr. Younger for the damage you decide resulted from Experian's failure to comply with the Act.

9

You should include each of the following items of damage that you decide has been sustained by Mr. Younger by Experian's negligent noncompliance with the Act: mental anguish, emotional distress damages, and pain and suffering.

You should also include each of the following items of damage that you decide plaintiff is reasonably certain to sustain in the future: mental anguish, emotional distress damages, and pain and suffering. If any item of damage is of a continuing nature, you must decide how long it may continue.

You must decide which, if any, of these items of damage has been proved by The plaintiff based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these items of damage, such as mental anguish, cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment.

**Distress Not Presumed**

Actual damages under the Fair Credit Reporting Act can include recovery for physical injury, personal humiliation, embarrassment, mental anguish, and emotional distress. An FCRA Plaintiff may, but is not required, to provide corroborating evidence or medical testimony in support of an award of damages and an FCRA Plaintiff may recover for humiliation and embarrassment even if he has incurred no out-of-pocket expenses.

Damages for mental anguish and emotional distress are not presumed to have occurred. Plaintiff Younger must prove they have occurred. The fact that I have given you instructions concerning the issue of Mr. Younger's damages should not be interpreted in any way as an indication that I believe that Mr. Younger should, or should not, prevail in this case.

In order to be recoverable, the emotional distress must be significant, that is, beyond generalized stress, and must be proximately caused by the defendant's conduct that violated the Act; that is, Experian's failure to reinvestigate. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress. You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

Mr. Younger must prove that any damages incurred were caused by acts or omissions of Experian that were not in compliance with the Act. Even if you find that Mr. Younger was damaged, if you find that the damage was not the result of Experian's noncompliance with the Fair Credit Reporting Act, you must find for Experian.

**Statutory, Actual, Punitive Damages for Willful Noncompliance with the Act**

11

Liability is created under the Fair Credit Reporting Act in favor of a consumer against "a consumer reporting agency for willful noncompliance with any requirement imposed under the Act with respect to such consumer."

Damages recoverable for willful noncompliance with the Fair Credit Reporting Act are of two kinds. First, you may award either "actual damages"—that is, damages actually suffered by reason of the wrong complained of—or "statutory damages"—that is, "damages of not less than $100 and not more than $1,000." Statutory damages are awarded if you find that the Defendant's conduct was willful but do not award Plaintiff any amount for actual damages. You may not award both actual and statutory damages.

Second, if you find by clear and convincing evidence that Experian willfully violated the Act and proximately caused actual injury or damage to Mr. Younger, and you have awarded actual damages, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper as punitive damages.

Punitive damages that may be awarded by you in your discretion for the purpose of making an example of and punishing Experian for the wrong done and to serve as an example to others not to engage in such conduct.

Whether or not to make any award of punitive damages in addition to actual damages is a matter exclusively within your authority. You should bear in mind that

12

punitive damages may be awarded only if you should first unanimously award Mr. Younger a verdict for actual damages.

You should also bear in mind, not only the conditions under which, and the purpose for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason and must never be either awarded, or fixed in amount, because of any sympathy or bias, or prejudice with respect to any party to the case.

**Factors for awarding punitive damages:**

If you find that the standards have been met that allow you to assess punitive damages against the Defendant under the Fair Credit Reporting Act you may consider the following factors in assessing the award:

(1) the purposes of the Fair Credit Reporting Act;

(2) the consumer harm intended to be addressed by the Act;

(3) the consumer benefit provided by the credit reporting system addressed by the Act;

(4) the way the Defendant conducted its business, including whether the Defendant acted with malice; and,

(5) the Defendant's income and net worth.

**15 U.S.C. §1681**

(a) Accuracy and fairness of credit reporting.

The Congress makes the following findings:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(b) Reasonable procedures.

It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

utilization of such information in accordance with the requirements of this subchapter.

An award of punitive damages may not be used to punish Defendant Experian for harms it is alleged to have caused to non-parties to this case.

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Final Instruction**

Ladies and Gentlemen of the Jury, I remind you once again that the arguments of counsel are not evidence in this case. The court allows counsel to make closing arguments or summations to help you recall the evidence and to help you tie the evidence together. You should not substitute what the lawyers say about the evidence for your own recollection. Neither should you decide this case based on the eloquence of the lawyers and their arguments. You must decide the case solely based on your view of the facts as you find them to be from the evidence, and applying the law to those facts as I have instructed you.

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time. You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.   Your duty as jurors is to discuss the case with one another and consult with one another in an effort to reach agreement, if you can do so. Each of you must decide the case for yourself, but only after full and impartial consideration of the evidence with the other members of the jury. While you are

16

discussing the case, do not hesitate to reexamine your own opinion and change your mind, if you become convinced that your initial opinion was wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the others think differently, or merely to return a verdict. Remember, in a very real way you are judges – judges of the facts and judges of the credibility of the witnesses. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the

17

lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question. When you have reached your decision knock on the jury room door and tell the marshal that you have a verdict.

From this point, you will decide when you want to take your breaks and when you want to stop for the day. Just let the court security officer know. But you can only discuss the case when all of you are together in the jury room.

I remind you again: do not discuss this case, or anything about it, with anyone outside the jury room. Do not post anything about this case or your jury service on any blog or social networking page. Do not send email messages about the case to anyone. Do not call, text, or email each other. Do not conduct any research about any aspect of this case – that means do not consult a dictionary; do not use Google or Wikipedia; do not ask questions of anyone other than each other or me. Remember, as I told you earlier, the only information you should use to decide this case is the evidence presented and the law explained in this courtroom.

At this time, please return to the jury room. You may select your foreperson but do not begin your deliberations until Ms. Neely brings the exhibits to you.

18