# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SHAUN J. YOUNGER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   2:15-CV-00952-SGC |
| | ) |
| **PORTFOLIO RECOVERY** | ) |
| **ASSOCIATES, LLC; ET AL,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR CREDIT ON JUDGMENT

**COMES NOW**, the Plaintiff, by and through his counsel of record, and responds in opposition to the Motion for Credit on Judgment filed by Defendant Experian Information Solutions, Inc. (hereinafter "Experian or "Defendant") as follows:

### Introduction

Following a jury trial, judgment was entered in favor of Plaintiff and against Experian. (Doc. 122). That judgment consisted of compensatory damages in the amount of $5,000.00 and punitive damages in the amount of $3,000,000.00. Experian now moves this Court to subtract $76,500.00, representing the total

amount of money recovered from the settling defendants Portfolio Recovery Associates, LLC ("PRA") and Equifax Information Services, LLC ("Equifax"). Experian asks that $76,500.00 be credited against "the ultimate judgment against Experian." (See Doc. 132).

The settlement credit/reduction issue was the main basis for Experian's Motion to Compel Plaintiff to Disclose Settlement Terms (Doc. 77).  The Court ruled that Plaintiff must disclose the settlement terms (Doc. 84) and Plaintiff complied with the Court's Order.  However, Plaintiff's testimony at trial has given more clarity to the issue of what constitutes a single indivisible injury as required under the one satisfaction rule and how his injuries differ from the injuries and damages in *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271 (11th Cir. 2008) and applicable cases.

Essentially, the one satisfaction rule applies only when the injury cannot be divided.  While the rule only applies against the plaintiff, it is intertwined in cases in which all culpable defendants are liable for the entire injury under joint and several liability.  As explained below, Plaintiff testified to stress related nerve pain when he received the response from Experian.  Equifax and PRA did not cause the nerve pain at this specific point in time and they presumably would not be held jointly and severally liable for it had they not settled.  It is clearer now after trial

that the injury is divisible and was not a single injury. Therefore, the one satisfaction rule does not apply in this case. To be entitled to a reduction outside of the one satisfaction rule, Defendant Experian would have to have a basis under some other equitable doctrine – such as a setoff. However, Courts have uniformly ruled that setoffs do not apply in cases brought under the Fair Credit Reporting Act ("FCRA"). Therefore, Defendant Experian is not entitled to a reduction of the judgment at all.

In the alternative, if the Court does find that Defendant Experian is entitled to a reduction, it should only apply to the compensatory damages awarded by the jury. Punitive damages are by nature not intended to compensate Plaintiff and the one satisfaction rule only relates to compensation for injuries.

## **Argument**

1. **Experian caused separate injuries to Plaintiff that do no fall under the one satisfaction rule and Experian is not entitled to reduction under a setoff theory.**

Plaintiff's injuries are distinct and separate from the injuries caused by the other defendants in the case for purposes of the one satisfaction rule. Plaintiff does not dispute that Plaintiff's injuries overlap to a certain degree. However, overlapping injuries do not equal a single indivisible injury.

The prerequisite for the one satisfaction rule is that there has to be a single,

indivisible injury. *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498 (5th Cir. 2014). "[G]enerally . . . a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *BUC Int'l Corp. v. Int'l Yacht Coucil Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008) (citations omitted). The one satisfaction rule "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *Id*. (citations omitted).

Plaintiff testified at trial regarding injuries that only occurred from Defendant Experian's conduct. For example:

> Q. What's the physical harm that you're claiming about this?
>
> A. Well, the physical harm comes from the surgery, and which you helped me with. I had a spinal fusion. For any of y'all who don't understand, a spinal fusion, C6-C7 vertebrae, which I have permanent nerve damage on that sciatic nerve. So if I get upset or if I get stressed out, it will cause severe pain.
> The time when this was going on, it was probably less than a year from the initial surgery. So my recovery process was still ongoing. Me thinking about the Experian case caused the nerve endings in my -- my nerve damage on my left side. So I had extreme pain in my elbow area, left shoulder, just my left arm, period.
>
> Trial Transcript at 170:6-170:19

Plaintiff's injuries caused by Experian are divisible from injuries allegedly caused by the other defendants. This nerve pain in this instance was not caused by

Equifax or PRA.  No co-defendant was involved in sending Defendant Experian's letter.  The jury based its compensatory damages award on this testimony and Defendant Experian should not get a reduction based on the separate conduct and separate injuries contemplated with the settlements.

Courts apply the one satisfaction rule when the defendants are jointly and separately liable for a plaintiff's injury.  This means that any party found liable for the injury could be responsible for the entire injury.  *BUC Int'l Corp* was a copyright infringement case with multiple defendants.  Copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable.  *Id*. at 1278.  The defendants in *BUC Int'l Corp* were all part of the same copyright infringement.  *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129 (11th Cir. 2007).  In addition, the Copyright Act allows only a single recovery for a single sale; where multiple defendants are all involved with sales, as are the [non-settling] and the settling defendants here, their liability is joint and several and recovering from one reduces the liability of the others.  *BUC Int'l Corp.,* 517 F.3d 1271, 1278 (11th Cir. 2008).  The defendants in this case were not working jointly like the defendants in *BUC Int'l Corp*.  Equifax and PRA should not be liable for the nerve pain Plaintiff had when he received the Defendant Experian letter.  Likewise, Defendant Experian should not receive a

reduction for injuries it alone caused.

Other cases applying one satisfaction rule reductions involve defendants that are jointly and severally liable for damages.  In *Ratner v. Sioux Nat. Gas Corp.*, 719 F.2d 801 (5th Cir. 1983), the plaintiff alleged "that the defendants had fraudulently induced the plaintiffs to enter into the 1974 agreement." *Ratner v. Sioux Nat. Gas Corp.*, 719 F.2d 801 (5th Cir. 1983).  The Court "entered judgment upon the jury's verdict, holding the four defendants jointly and severally liable…" *Id*. at 803.  In *MacKethan v. Burrus, Cootes & Burrus*, 545 F.2d 1388 (4th Cir. 1976), the allegations were that the defendants were part of the same scheme.  *See generally Id.*  In *FTC v. Hardco Holding Grp., LLC*, No. 6:17-cv-1257-Orl-37TBS, 2017 U.S. Dist. LEXIS 216271 (M.D. Fla. Dec. 7, 2017), The FTC alleged that "[d]efendants, through a common enterprise, engaged in a scheme to defraud consumers…" *Id*. at 1.

The overlapping interactions and resulting damages are more in line with those in *Sloane v. Equifax Info. Servs.*, 510 F.3d 495 (4th Cir. 2007).  In *Sloane*, the Court rejected the one satisfaction rule stating:

> …[W]e cannot find, as a matter of law, that Suzanne has suffered from a "single, indivisible harm" that has already been redressed by other parties. *See id*. ("The essential requirement for the 'one satisfaction rule' is that the amounts recovered by settlement and the judgment must represent common damages arising from a single, indivisible harm.").

> To the contrary, Suzanne provided credible evidence that her emotional and economic damages resulted from separate acts by separate parties. She did not attempt to hold any of the credit reporting agencies responsible for damages arising from either the identity theft itself or the initial inaccuracies that the theft generated in her credit reports. Moreover, although some of Suzanne's interactions with Equifax overlapped with exchanges with other credit reporting agencies, her encounters with Equifax both predate and postdate these other exchanges. For example, Suzanne initially contacted Equifax on February 2, 2004, more than a year before she contacted Experian and Trans Union, and Equifax's reporting errors persisted long after Trans Union and Experian had rectified the errors in their reports.

*Sloane* at 500.

As in *Sloane*, Plaintiff did not attempt to hold Defendant Experian responsible for the injuries caused by the settling co-defendants at trial. This is because he suffered separate and distinct injuries as a result of the individual conduct of each defendant. Overlap in the injuries does not render a single injury as addressed by the one satisfaction rule. Therefore, Defendant Experian is not entitled to a reduction based on the settlements of the other co-defendants under the one satisfaction rule.

Since a reduction under the one satisfaction rule does not apply, any reduction would have to fall under some other equitable doctrine – such as an offset. As explained in *Brim v. Midland Credit Management Inc.*, 795 F. Supp. 2d 1255 (N.D. Ala. 2011), non-settling defendants are not entitled to an offset:

> The defendant next seeks to have this court reduce the amount of the

judgment by amounts plaintiff received from other violators of the FCRA. However each of the sums recouped by plaintiff by other entities subject to the FCRA were for the wrong doings of those various entities. **There is no right to offset or contribution under the FCRA**. *See e.g. Nelson v. Equifax Information Services, LLC*, 522 F. Supp. 2d 1222, 1239 (C.D.Cal.2007) (no equitable offset available under the FCRA); *Kay v. First Continental Trading, Inc.*, 966 F.Supp. 753, 754-55 (N.D.Ill.1997) (right to contribution for violations of FCRA is matter of federal law; contribution not an available remedy); *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1058 (N.D.Cal.2000) (no express or implied right to contribution or indemnification under Fair Debt Collection Practices Act).

*Brim* at 1266 (emphasis added)[1].

Therefore, in addition to not being entitled to a reduction under the one satisfaction rule, Defendant Experian is also not entitled to a reduction under

---

[1] *See also McSherry v. Capital One FSB*, 236 F.R.D. 516, 522-23 (W. D. Wash. 2006) ("[T]he Court finds that FCRA does not imply a right to contribution or indemnity for furnishers of information to consumer reporting agencies....[I]t is neither apparent that the Court need craft a federal common law remedy for purposes of uniformity nor that Congress would have wanted a right of contribution to be created or enforced. Therefore the Court finds that there is no federal common law right to contribution available to furnishers of information under the FCRA...."); *see also Smith v. Waverly Partners, LLC*, 2011 U.S. Dist. LEXIS 46399, *6 (W.D.N.C. Apr. 29, 2011) ("This Court agrees that the FCRA does not explicitly or implicitly created a right to contribution or indemnity."); *Bowman v. Selection Mgmt. Sys.*, 2010 U.S. Dist. LEXIS 103221 (W.D. Va. Sept. 28, 2010) ("All federal courts that have been faced with the issue have decided that the FCRA and federal common law do not provide for a claim of contribution for FCRA claims. The Court today will not venture into uncharted territory by finding a cause of action that Congress did not intend when it enacted FCRA."); *Boatner v. Choicepoint Workplace Sols., Inc.*, No. CV 09-1502-MO, 2010 WL 1838727, at *2 (D. Or. May 6, 2010) ("I find no implicit right to contribution or indemnification in the FCRA because Bowen has not shown that Congress intended to create such a right."); *Cintron v. Savit Enterprises*, No. CIV.A.07CV04389FLW, 2009 WL 971406 at *4 (D.N.J. April 9, 2009) ("ACB cannot assert New Jersey's right to indemnification in an effort to eschew Congress' decision to preclude a right of indemnification or contribution as remedies under the FCRA..."); *Beringer v. Standard Parking O'Hare Joint Venture*, No. 07C5027, 2008 WL 4890501, at *3 (N.D. Ill. Nov. 12, 2008) ("[T]he comprehensive statutory scheme provided by FCRA demonstrates that Congress did not intend

any other equitable doctrines.

## 2. **Punitive damages should not reduced under the one satisfaction rule even if compensatory damages are reduced.**

Alternatively, should this Court grant Experian's Motion for Credit on Judgment, any reduction should only be applied to the compensatory damages award and not the punitive damages award.

The court in *Ratner v. Sioux Nat. Gas Corp.*, 719 F.2d 801 (5th Cir. 1983) looked at the "one satisfaction" rule with regard to punitive damages and held:

> Nevertheless, the rationale of the "one satisfaction" rule is usually inapposite to punitive damages. The purpose of the rule is to ensure that a plaintiff receives no more than full compensation for his loss. *See, e.g., Dobson v. Camden*, 5 Cir.1983, 705 F.2d 759, 766, reheard en banc, Sept. 13, 1983 (No. 82-2066); *Snowden v. D.C. Transit System, Inc.*, D.C.Cir. 1971, 147 U.S. App. D.C. 204, 454 F.2d 1047, 1048; *Harrington v. Texaco, Inc.*, 5 Cir.1964, 339 F.2d 814, 820, cert. denied, 1965, 381 U.S. 915, 85 S. Ct. 1538, 14 L. Ed. 2d 435. A plaintiff awarded punitive damages has been given the right to receive more than "one satisfaction". The award of punitive damages is unconcerned with compensation; it is intended to punish the wrongdoer and to deter the commission of similar offenses in the future. E.g., *City of Newport v. Fact Concerts, Inc.*, 1981, 453 U.S. 247, 266-67, 101 S. Ct. 2748, 2759-60, 69 L. Ed. 2d 616; *Maxey v. Freightliner Corp.*, 5 Cir. 1982, 665 F.2d 1367, 1378; 17 Tex. Jur. 2d Damages s 174, at 240-41 (1960). To further the objectives of punishment and deterrence, it is more important that a defendant pay for his wrongdoing than that the plaintiff receive the payment. Dobson v. Camden, 705 F.2d at 769-70.

*Ratner* at 804.

---

to provide an indemnification or contribution remedy.").

As such, should this Court grant Experian's motion and allow a credit on the Judgment in this case, that credit should only be applied to reduce the compensatory damages award and not the punitive damages award.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Court deny Experian's Motion for Credit on Judgment or, alternatively should this Court grant Experian's Motion for Credit on Judgment, only apply any credit to the compensatory damages award and not the punitive damages award.

/s/ John C. Hubbard<br>
John C. Hubbard<br>
Attorney for Plaintiff

**OF COUNSEL:**
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of June, the foregoing was filed using the CM/ECF and notice was sent to the following:

L. Jackson Young, Jr., Esq.
Ferguson, Frost, Moore & Young
1400 Urban Center Drive, Ste. 200
Birmingham, AL

Greg R. Hanthorn, Esq.
Rebecca C Reynolds, Esq.
Jones Day
1420 Peachtree St. N.E., Ste. 800
Atlanta, GA 30309-3053          /s/ John C. Hubbard