# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAUN YOUNGER,<br><br>               Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>               Defendant. | CASE NO.:<br>2:15-cv-00952-SGC |

## DEFENDANT EXPERIAN'S REPLY IN SUPPORT OF ITS MOTION FOR CREDIT ON JUDGMENT

Experian's Motion for Credit on Judgment (Doc. 132) merely seeks to enforce this Court's prior ruling that the one satisfaction rule applies in this case. In opposition (Doc. 135), Plaintiff raises two points: (1) Plaintiff reiterates his earlier "indivisible injury" arguments, and (2) Plaintiff seeks to limit application of the credit to only the $5,000 actual damages. Both arguments fail.

I.     THE "ONE SATISFACTION" RULE APPLIES.

As the Court previously held, Plaintiff "is seeking recovery for a single injury" and, "[a]s such, the one satisfaction rule applies." (Doc. 84 at 5.) Pages 3-8 of the Opposition are simply a repetition of the argument already rejected.

Moreover, Plaintiff's argument ignores the impact the Court's earlier holding had on the trial. After the Court confirmed the one satisfaction rule was to be applied, Experian made its election under that rule and the trial was then conducted with Experian's presentation limited based upon that election and holding. Plaintiff even moved in limine to limit Experian's ability to present evidence of harm attributable to other defendants based upon the holding challenged now, and the Court granted Plaintiff's request to "preclude Defendant from alluding to, in any manner, the existence of FCRA claims against Equifax or PRA." (Doc. 111 at 3 (quoting Doc. 99 at 4).) Experian was only "permitted to discuss the existence of the PRA debt" (Doc. 111 at 3), and was not allowed to discuss the existence of claims against other defendants and whether those other defendants' conduct contributed to Plaintiff's injury. Having successfully limited the presentation of evidence, Plaintiff cannot have it both ways and change course now.

**II.    THE CREDIT SHOULD NOT BE LIMITED DUE TO PLAINTIFF'S EXPRESS RELIANCE UPON THE MESSAGE TO BE SENT TO OTHER CREDIT REPORTING AGENCIES.**

Plaintiff's response brief argues in the alternative that "any reduction should only be applied to the compensatory damages award and not the punitive damages award." (Doc. 135 at 9) The Fifth Circuit has noted that "the rationale of the 'one satisfaction' rule is *usually* inapposite to punitive damages." *Ratner v. Sioux Nat. Gas Corp.*, 719 F.2d 801, 804 (5th Cir. 1983) (emphasis added by Experian). Simply put, Plaintiff's closing argument removed this from the "usual[ ]" case, and, as in *Ratner*, "the purposes underlying the award of punitive damages in this case will have been adequately served" if the co-defendant settlements are applied to "the entire judgment." *Id.* at 804, 805; *see also* JUDGMENT, Black's Law Dictionary (10th ed. 2014) ("judgment" is defined as "[a] court's final determination of the rights and obligations of the parties in a case"). *Cf. Enstar Group v. Grassgreen*, 812 F. Supp. 1562, 1582-84 (N.D. Ala. 1993) (in joint tortfeasor context crediting against total compensatory and punitive damages awarded against non-settling defendant over 2/3 of the amount paid by settling defendant as a "fair and equitable portion of the [settling defendant] settlement to be credited against joint liability, including punitive damages" even though opinion discussed in detail conduct ascribed to non-settling defendant warranting punitive

damages) (although punitive damages awarded by the jury were, in addition, reduced based upon Alabama Supreme Court precedent, this case pre-dated both *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am., Inc., v. Gore*, 517 U.S. 559 (1996), both of which are discussed in Experian's pending Combined Renewed Motion for Judgment as a Matter of Law, Motion to Alter or Amend the Judgment, and Motion for New Trial (Doc. 133)).

And the circumstances here only strengthen the argument that the "one satisfaction" rule is not inconsistent with allowing a judgment credit against more than the total compensatory award.  In closing argument, Plaintiff's counsel described to the jury why he believed substantial punitive damages were appropriate.  Plaintiff's counsel told the jury they were "crazy" if they did not consider the impact of a punitive damage award on parties other than Experian: expressly, TransUnion and former co-defendant Equifax. (Trial Tr. at 292:17-20 ("[Experian is] one of three major credit reporting agencies.  And if you think for a minute the other two aren't paying attention to what goes on in this room, you're crazy.")).  In short, Plaintiff's counsel moved beyond merely attempting to deter Experian but brought Equifax (the settling defendant) and TransUnion (who was never even a party) into the case as well.  Having urged that others should be

"deterred" Plaintiff cannot now urge that Experian alone should bear the entire burden. By urging the jury to send a message to "the other two" major credit reporting agencies "paying attention to what goes on in this room," including a settling defendant, Plaintiff gutted the rationale urged in his opposition brief.

## CONCLUSION

For the reasons set forth above, Experian's Motion for Credit on Judgment should be granted and the $76,500 in combined settlement amounts paid by settling defendants PRA and Equifax should be subtracted from the ultimate Judgment against Experian, if any, that the Court enters following its decision on the pending post-trial motions.

Dated:  July 2, 2018                                       Respectfully submitted,


                                        */s/ L. Jackson Young, Jr.*
Gregory R. Hanthorn
ASB 4664 N76G
Rebecca Crawford Reynolds
*Pro Hac Vice*
JONES DAY
1420 Peachtree Street, N.E., Ste. 800
Atlanta, GA  30309-3053
Telephone: (404) 581-3939
Facsimile:  (404) 581-8330
ghanthorn@jonesday.com
rreynolds@jonesday.com

L. Jackson Young, Jr.
Ferguson Frost Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, AL  35242
Telephone:  (205) 879-8722
Facsimile:  (205) 879-8831
ljy@ffmylaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2018, I served the foregoing document on the counsel of record listed below via filing on CM/ECF:

W. Whitney Seals
Cochrun & Seals LLC
P.O. Box 10448
Birmingham, AL  35202-0448
Telephone:  (205) 323-3900
Facsimile:  (205) 323-3906
filings@plc-law.com

John C. Hubbard
John C. Hubbard LLC
2015 First Avenue North
Birmingham, AL  35203
Telephone:  (205) 378-8121
Facsimile:  (205) 690-4525
jch@jchubbardlaw.com

*Attorneys for Plaintiff*
*Shaun Younger*

> */s/ L. Jackson Young*
> L. Jackson Young
>
> *Counsel for Defendant*
> *Experian Information Solutions, Inc.*