FILED
2019 Mar-26 AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAUN YOUNGER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | 2:15-cv-00952-SGC |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF W. WHITNEY SEALS

Before me, the undersigned Notary Public, in and for said County and State, personally appeared W. Whitney Seals, and who by me first being duly sworn, deposes and says as follows:

My name is **W. Whitney Seals**. I am over the age of nineteen (19) years. the following facts are based upon my personal knowledge. I graduated from the University of Alabama School of Law and was admitted to practice law in Alabama in 2004. I am in good standing with the Alabama State Bar and have never been subject to any disciplinary proceedings. I am admitted to practice before the Northern District of Alabama as well as the Eleventh Circuit Court of Appeals.

I have represented individuals in Fair Credit Reporting Act cases, as well as other consumer-related matters including the Fair Debt Collection Practices Act since 2007. There are very few lawyers in the Alabama bar that handle cases in these areas of the law. Fewer still are lawyers in the Alabama bar that prosecute these cases to verdict.

With regard to my trial practice, I have tried cases in the state and federal courts of Alabama since I was admitted to the bar in 2004. In my career thus far, I have tried thirty-one (31) jury trials to verdict as lead counsel or first chair attorney. I am also a member of the American Board of Trial Advocates

(ABOTA), an invitation only organization for trial attorneys with a requisite amount of actual jury trial experience.

A substantial portion of my practice involves FDCPA and FCRA claims. I request an hourly rate of $400.00 per hour for the work done in this case and believe that rate to be reasonable and in line with what the relevant legal community charges for legal work in this type of case.

I have represented Mr. Shaun Younger in his claims against Experian. To date, I have expended 219.9 hours and I am requesting attorneys' fees for that time spent in this case. The time claimed are hours spent litigating Mr. Younger's claims against Experian only. I have cut or reduced any other time spent that would have involved time spent in pursuing any claim against any former party to this case. Further, as is noted on the attached time records, certain time entries are not claimed due to the lack of success of various motions. Also, time spent sending or receiving emails with opposing counsel is not claimed nor is time spent reviewing Court Orders. Likewise I have not claimed all time spent communicating with my client.

I certify that these records are accurate and that these records were prepared contemporaneously with the performance of the work. With regard to my review of my time records, they were reviewed monthly with the exception of several of the months between briefing the motions for summary judgment and the Court's Order on the Motions for Summary Judgment as well as between the submission of post-trial briefing and the Court's entry of its Final Amended Judgment as no work was performed in certain of those months.

I further certify that all of the items set forth in the Motion For Attorney's Fees and to Tax Costs were actually incurred, and have been paid, in the prosecution of this case. All of the deposition expenses listed in the Motion For Attorney's Fees and to Tax Costs were incurred to produce evidence or to offer as evidence in the trial of this matter. All of the items were necessary to the presentation of the case and all of the charges were reasonable and customary. The correct invoice documentation is attached to the Motion For Attorney's Fees and to Tax Costs.

FURTHER AFFIANT SAYETH NOT.

_____
W. WHITNEY SEALS

Comes now, W. Whitney Seals, who is known to me, and after being duly sworn, subscribed his name before me this 25th day of MARCH, 2019.

_____
Notary Public
My Commission Expires: 3/27/2020

W. Whitney Seals  　　　CLIENT: SHAUN YOUNGER
Cochrun & Seals, LLC

| DATE | TIME BILLED | DESCRIPTION |
| --- | --- | --- |
| 6/3/15 | 1.2 | Draft, review and revise Complaint. |
| 7/10/15 | 0.1 | Review answer filed by EXP. |
| 9/1/15 | 0.2 | Draft, review and revise Plaintiff's Initial Disclosures. |
| 9/21/15 | 0.8 | Draft, review and revise interrogatories to EXP |
| 9/21/15 | 0.6 | Draft, review and revise requests for production to EXP. |
| 9/21/15 | 0.5 | Draft, review and revise corporate representative deposition notice for EXP corporate representative. |
| 9/22/15 | 0.2 | Receipt and review of proposed Protective Order. |
| 10/23/15 | 1.0 | Receipt and review of EXP's responses to discovery and response to Notice of deposition. |
| 11/23/15 | 0.2 | Review of additional documents produced by EXP. |
| 12/23/15 | 2.5 | Drafted, reviewed and revised 8 page letter to EXP's counsel sent pursuant to Rule 37 regarding deficient discovery responses. |
| 12/23/15 | 0.2 | Receipt and review of EXP's First Consolidated Discovery Requests. |
| 12/28/15 | 0.3 | Drafted and served second set of Interrogatories and Requests for Production to EXP. |
| 1/6/16 | 0.1 | Drafted deposition notice for Paz Salinas. |
| 1/7/16 | 0.5 | Phone conference with client and then drafted responses to EXP's Requests for Admissions directed toward Shaun Younger. |
| 1/11/16 | 0.2 | Phone conversation with Allison Fuller regarding Paz Salinas and her availability to sit for a deposition. |
| 1/11/16 | 0.5 | Lengthy letter to Allison Fuller regarding Paz Salinas, a citizen of Chile, and whether she can be compelled to give testimony. |
| 1/22/16 | 0.3 | Receipt and review of 4 page letter sent in response to Plaintiff's Rule 37 letter to EXP on 12/23/15. |
| 1/25/16 | 1.5 | Met with client and prepared responses to EXP's interrogatories and request for production. |
| 1/25/16 | 1.0 | Draft, review and revise lengthy letter to EXP's counsel in response to 1/22/16 letter. |
| 1/25/16 | 0.2 | Receipt and review of lengthy letter from EXP's counsel regarding 1/11/16 letter. |

| Date | Hours | Description |
|---|---|---|
| 1/27/16 | 0.1 | Receipt and review of EXP's responses to Plaintiff's second request for production. |
| 1/28/16 | 0.3 | Receipt and review of EXP's Supplemental responses to interrogatories and responses to Second set of Interrogatories. |
| 1/29/16 | 1.0 | Draft, review and revise lengthy 3 page letter to EXP's counsel regarding EXP's objections to Plaintiff's Notice of Deposition for EXP's corporate representative. |
| 2/2/16 | 0.3 | Receipt and review of 5 page letter from EXP sent in response to 1/25/16 letter regarding supplemental responses to discovery. |
| 2/2/16 | 3.0 | Meeting with client in order to prepare for deposition. |
| 2/3/16 | 5.1 | Attended and defended deposition of Shaun Younger. |
| 2/8/16 | 0.1 | Receipt and review of email from EXP's counsel regarding deposition scheduling in Dallas. |
| 2/26/16 | 0.4 | Prepared for and then participated in telephone conference with EXP's counsel regarding 1/29/16 letter. |
| 3/11/16 | 0.4 | Receipt and review of 5 page letter from EXP sent in response to 1/29/16 letter. |
| 3/31/16 | 7.2 | Review of 799 pages of documents produced by EXP in preparation for corporate representative deposition. Prepared notes on same. |
| 4/1/16 | 3.5 | Researched case law regarding FCRA claims in preparation for deposition of EXP rep. Specifically standards for willfulness. |
| 4/1/16 | 1.6 | Search of PACER records for *Collins v. Experian* documents. Review of deposition of Teresa Iwanski. |
| 4/4/16 | 7.5 | Continued review of documents and file in preparation of EXP corp. deposition. Prepared deposition outline. |
| 4/5/16 | 3.8 | Took deposition of EXP Corp. rep, Jason Scott |
| 4/5/16 | 2.5 | Prepared notes and outline of trial examination of Jason Scott based upon deposition testimony. |
| 4/8/16 | 1.8 | Draft, review and revise 4 page letter detailing past discovery efforts and correspondence regarding persons at EXP involved in determining dispute was suspicious. Letter sent pursuant to Rule 37. |

| Date | Hours | Description |
|---|---|---|
| 4/13/16 | 0.2 | Receipt and review of email correspondence and additional document production from EXP in response to 4/8/16 letter. |
| 5/2/16 | 1.6 | Receipt, review and summary of deposition transcript of Jason Scott. |
| 5/10/16 | 0.2 | Letter to EXP regarding documents that should have been produced in discovery. |
| 5/17/16 | 0.2 | Letter to EXP RE: Paz Salinas deposition and documents that should have been produced. |
| 5/25/16 | 0.3 | Prepared for and then participated in phone conference with EXP atty regarding logistics for Paz Salinas depo. |
| 5/26/16 | 0.2 | Receipt and review of additional documents produced by EXP. |
| 5/31/16 | 0.2 | Receipt and review of objections to Depo notice for Paz Salinas. |
| 6/2/16 | 6.5 | Review of file and EXP document production in preparation for deposition of Paz Salinas. Prepared deposition outline. |
| 6/3/16 | 1.3 | Took the Deposition of Paz Salinas. |
| 6/3/16 | 0.5 | Prepared notes regarding testimony received from Paz Salinas at deposition. |
| 6/6/16 | 0.3 | Receipt and review of Second deposition of Jason Scott. |
| 6/15/16 | 0.2 | Receipt and review of EXP confidential designation of testimony from Second Depo of Jason Scott. |
| 6/17/16 | 0.5 | Receipt, review and prepared summary of transcript of Paz Salinas deposition. |
| 7/5/16 | 0.2 | Receipt and review of EXP confidential designation of testimony of Paz Salinas. |
| 7/11/16 | 2.2 | Reviewed EXP document production and deposition transcripts of Paz Salinas and Jason Scott in preparation for drafting Motion for Summary Judgment. Notes on same. |
| 7/11/16 | 0.6 | Research regarding willfulness claims under the FCRA in preparation for drafting Motion for Summary Judgment. |
| 7/12/16 | 5.2 | Drafted, reviewed and revised Motion for Summary Judgment against EXP. |
| 7/26/16 | 0.8 | Receipt and review of Motion for Summary Judgment |

| | | |
|---|---|---|
| | | filed by EXP. Made initial notes in preparation for drafting response. |
| 8/4/16 | 0.4 | Receipt and review of EXP response to Plaintiff's MSJ. |
| 8/10/16 | 3.6 | Research and file review in preparation for drafting response to EXP MSJ. |
| 8/11/16 | 10.5 | Drafted response in opposition to EXP MSJ. |
| 8/16/16 | 6.0 | Drafted Reply to Response to Plaintiff's MSJ. |
| 8/30/16 | 0.2 | Receipt and review of Reply to Response to EXP MSJ. |
| 10/10/16 | 0.1 | Receipt and review of EXP amended Rule 26(a)(1) disclosures. |
| 12/7/16 | 0.2 | Phone conference with client regarding status of case. |
| 5/1/17 | 0.1 | Phone conference with client regarding status of case. |
| 9/22/17 | 0.2 | Receipt and review of Order on MSJ. |
| 9/25/17 | 0.2 | Phone conference with client RE: Order on MSJ. |
| 10/5/17 | 0.2 | Phone conference with client regarding settlement demand to EXP. |
| 10/13/17 | 0.3 | Receipt and review of EXP Motion for Reconsideration |
| 10/18/17 | 1.5 | Researched applicable law as well as cases cited by EXP in preparation for drafting Response to EXP Motion for Reconsideration. |
| 10/18/17 | 6.7 | Drafted Response to EXP Motion for Reconsideration. |
| 10/26/17 | 0.2 | Receipt and review of Reply to Response to Motion for Reconsideration. |
| 11/22/17 | 0.1 | Receipt and review of mediation letter from Mr. Ratliff. |
| 11/28/17 | 0.2 | Letter to client regarding mediation date. |
| 12/19/17 | 1.3 | Drafted, reviewed and revised lengthy 12 page mediation statement. Emailed same to mediator. (Time spent on this task split in half as mediation was with both Equifax and Experian) |
| 12/27/17 | 3.0 | Attended mediation (Time spent on this task split in half as mediation was with both Equifax and Experian) |
| 1/24/18 | 1.5 | Prepared for and then attended Final Pre-Trial Conference. |
| 2/7/18 | 0.5 | Receipt and review of Motion to Compel filed by EXP. **SINCE PLAINTIFF WAS NOT SUCCESSFUL IN OPPOSING THIS MOTION, THIS TIME IS NOT CLAIMED IN THE FINAL AMOUNT** |
| 2/21/18 | 3.8 | Drafted response in opposition to Motion to Compel. |

|  |  |  |
|---|---|---|
|  |  | **SINCE PLAINTIFF WAS NOT SUCCESSFUL IN OPPOSING THIS MOTION, THIS TIME IS NOT CLAIMED IN THE FINAL AMOUNT** |
| 2/28/18 | 0.2 | Receipt and review of Reply to Response to Mot. to Compel.  **SINCE PLAINTIFF WAS NOT SUCCESSFUL IN OPPOSING THIS MOTION, THIS TIME IS NOT CLAIMED IN THE FINAL AMOUNT** |
| 4/18/18 | 0.3 | Drafted Plaintiff's Witness List. |
| 4/18/18 | 0.5 | Drafted Plaintiff's Exhibit List. |
| 4/18/18 | 0.6 | Drafted Plaintiff's Damages List. |
| 4/23/18 | 0.3 | Receipt and review of EXP's Witness and Exhibit Lists. |
| 4/24/18 | 0.2 | Receipt and review of EXP's first MIL. |
| 4/24/18 | 0.5 | Research regarding net worth evidence in FCRA claims. |
| 4/25/18 | 0.3 | Prepared for and participated in phone conference with the Court regarding willfulness claim and net worth information's use at trial. |
| 5/1/18 | 1.0 | Review of depositions of Jason Scott in order to determine which pages Plaintiff would offer at trial. Lengthy email to Hanthorn regarding same. |
| 5/2/18 | 0.1 | Receipt and review of EXP's proposed verdict forms. |
| 5/3/18 | 1.1 | Prepared Exhibit List using form provided by Court as requested by EXP counsel. |
| 5/6/18 | 3.5 | Drafted Plaintiff's 16 page objections to EXP's witness and exhibit lists. |
| 5/7/18 | 0.5 | Receipt and review of EXP MIL 2-6.  Notes on same. |
| 5/7/18 | 0.2 | Receipt and review of EXP's objections to Plaintiff's witness and exhibit lists. |
| 5/9/18 | 2.5 | Draft, review, revise Plaintiff's proposed Joint Voir Dire Questions. |
| 5/11/18 | 0.8 | Phone conf. with G. Hanthorn regarding proposed jury charges. |
| 5/14/18 | 0.6 | Drafted and filed objection to Declaration of Pamela Smith. |
| 5/16/18 | 0.1 | Receipt and review of response to obj. to Dec. of P. Smith. |
| 5/17/18 | 0.2 | Receipt and review of EXP's versions of verdict forms. |

| Date | Hours | Description |
|---|---|---|
| 5/17/18 | 0.2 | Drafted limiting instruction for net worth evidence at time of tender and emailed same to EXP counsel. |
| 5/17/18 | 8.5 | Trial preparation. Reviewed relevant EXP Doc production and discovery responses; Summarized deposition of Shaun Younger. Prepared outline of examination of Shaun Younger. Summarized deposition of Paz Salinas. |
| 5/18/18 | 0.6 | Prepared for and attended Pre-Trial Conference. |
| 5/18/18 | 6.4 | Met with client. Practiced direct examination. Went over discovery responses. Co-Counsel acted as EXP counsel. Together, conducted several "mock examinations" of client. Discussed expected cross-examination topics and areas. |
| 5/18/18 | 5.4 | Summarized depositions of Jason Scott. Began preparing examination outline for Mary Methvin, corporate representative of EXP. Assembled exhibits needed for examination of EXP rep. |
| 5/19/18 | 12.1 | Finalized examination outline for Methvin, lengthy phone conference with client regarding direct examination and expectations of cross-exam. Practiced direct examination with client again. Prepared and revised drafts of opening statement. Practiced opening statement. Reviewed file materials and exhibits. |
| 5/20/18 | 8.2 | Lengthy call with client regarding trial, his concerns, my evaluation of chances of success at trial. Practiced opening statement. Revised opening statement. Practiced and revised examinations of client and EXP rep. Prepared draft of closing argument. Practiced closing argument. |
| 5/21/18 | 1.5 | Completed preparation of opening statement and examinations of EXP rep and client. |
| 5/21/18 | 8.0 | Attended trial. Jury selection, Opening statement, examined client and EXP rep, read depo of Paz Salinas. |
| 5/21/18 | 2.5 | Following trial returned to office to review notes, practiced, revised and finalized closing argument based upon evidence adduced at trial. |
| 5/22/18 | 8.0 | Attended trial. Cross examined EXP rep. Closing argument. Waited on verdict. |

| | | |
|---|---|---|
| 6/19/18 | 0.3 | Research regarding whether or not amended judgment resets deadlines imposed by Rule 50 or 59. **SINCE PLAINTIFF WAS NOT SUCCESSFUL IN THIS MOTION, THIS TIME IS NOT CLAIMED IN THE FINAL AMOUNT** |
| 6/19/18 | 0.4 | Drafted Motion to Alter or Amend Final Judgment. **SINCE PLAINTIFF WAS NOT SUCCESSFUL IN THIS MOTION, THIS TIME IS NOT CLAIMED IN THE FINAL AMOUNT** |
| 6/20/18 | 0.2 | Phone conference with Court regarding Motion to Alter or Amend Final Judgment. **SINCE PLAINTIFF WAS NOT SUCCESSFUL IN THIS MOTION, THIS TIME IS NOT CLAIMED IN THE FINAL AMOUNT** |
| 6/20/18 | 0.5 | Receipt and review of EXP post-judgment motions. Notes on same. |
| 6/20/18 | 2.5 | Research regarding curative admissibility doctrine and use of prior settlements as impeachment evidence. |
| 6/21/18 | 3.5 | Reviewed and summarized trial transcript in preparation for responding to Post trial motions. |
| 6/27/18 | 0.8 | Drafted reviewed and revised Introduction and Standards of Law sections of Plaintiff's Response to Exp. Combined Renewed Motion. |
| 6/27/18 | 2.3 | Research regarding motion in Limine and EXP's allegation that we violated MIL in trial. Printed and reviewed case law. |
| 6/27/18 | 1.4 | Research regarding impact of EXP's failure to object. Printed and reviewed case law. |
| 6/27/18 | 1.1 | Started drafting Argument section 1 A regarding use of assurance of voluntary compliance at trial. |
| 6/28/18 | 4.8 | Drafted reviewed and revised Argument section 1 A regarding use of assurance of voluntary compliance at trial. |
| 6/28/18 | 1.5 | Research regarding Pl's use of Mary Methvin statements in closing argument. Also reviewed caselaw on this issue cited by EXP in its Brief. |
| 6/28/18 | 1.7 | Drafted reviewed and revised Argument Section 1 B regarding statements made in closing argument. |

| | | |
|---|---|---|
| 6/28/18 | 0.6 | Drafted reviewed and revised Argument Section 2 regarding Plaintiff's physical and emotional harm. |
| 6/28/18 | 1.4 | Drafted, reviewed and revised Argument Section 3 regarding Court's prior ruling on MSJ. |
| 6/29/18 | 1.3 | Drafted reviewed and revised Argument Section 4. |
| 6/29/18 | 3.2 | Research regarding alleged excessiveness and ratios of punitive damages awards along with caselaw on bases for punitive damages awards in preparation of drafting Section 5 of Brief. |
| 6/30/18 | 4.8 | Began drafting Section 5 of Brief. |
| 7/1/18 | 3.9 | Completed drafting Section 5 of Brief. |
| 7/2/18 | 0.5 | Final review and revision of Brief prior to filing. |
| 7/13/18 | 0.3 | Receipt and review of EXP's reply in support of its Renewed Motion. |
| 3/25/19 | 0.3 | Prepared affidavit for Motion for Fees and Costs. |
| 3/25/19 | 0.4 | Drafted reviewed and revised Motion for Fees and Costs. |

**TOTAL HOURS AS OF MARCH 25, 2019:       219.9**