# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SHAUN J. YOUNGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:15-cv-00952-SGC |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**[1]

On May 22, 2018, a jury returned a verdict in favor of Plaintiff Shaun J. Younger and against Defendant Experian Information Solutions, Inc., for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). (Doc. 122). On March 21, 2019, the undersigned entered an amended final judgment: (1) remitting the jury's punitive damage award from $3,000,000 to $490,000; and (2) finding proceeds from *pro tanto* settlements had fully satisfied the compensatory damages awarded by the jury. (Doc. 144; *see* Doc. 143). Presently pending is Plaintiff's motion for attorney's fees and costs pursuant to Rule 54(d) of the *Federal Rules of Civil Procedure*. (Doc. 145). Defendant has responded in opposition to the motion. (Doc. 146). The opposition is based on Defendant's contention that—as a matter of law—Plaintiff failed to show the

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 16).

willfulness required to recover fees and costs; however, Defendant does not take issue with the amount of attorney's fees or costs claimed by Plaintiff.  (*Id.*).

A plaintiff prevailing on a claim of willful noncompliance with the FCRA is entitled to recover "the costs of the action together with reasonable attorney's fees." 15 U.S.C. § 1681n(a)(3).  As the court has previously explained, Defendant's arguments that Plaintiff failed to establish willful violations of the FCRA are without merit.  Accordingly, Plaintiff is entitled to costs and attorney's fees under the FCRA.  As for attorney's fees, Plaintiff claims entitlement to a total of $111,160 for 285.9 hours of legal work performed by his attorneys, W. Whitney Seals and John C. Hubbard.[2]  The undersigned finds the rates and hours claimed—to which Defendant does not object—are reasonable.  Accordingly, Plaintiff is entitled to the attorney's fees described in the motion.  (Doc. 145).

As to costs, Plaintiff requests a total of $2,425.15 associated with the filing fee and transcripts of three depositions.  (Doc. 145 at 5-6).  The court has discretion to tax these costs.  28 U.S.C. § 1920; *Jones v. Novartis Pharm. Corp.*, No. 13-0624-VEH, 2018 WL 3585225 at *2 (N.D. Ala. July 26, 2018).  The court concludes Plaintiff is entitled to the costs described in the motion.  (Doc. 145).

---

[2] Specifically, Mr. Seals expended 219.9 hours on this case at a rate of $400 per hour.  (Doc. 145 at 2-3).  Mr. Hubbard expended 66 hours on this case, consisting of 50 hours prior to trial and 16 hours during trial.  (*Id.* at 3).  For pretrial work, Mr. Hubbard's rate is $400 per hour.  For time at trial, Mr. Hubbard's rate is $200 per hour.

2

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is **GRANTED**. (Doc. 145). Attorney's fees are awarded in the amount of $111,160.[3] Costs are taxed against Defendant in the amount of $2,425.15.[4]

**DONE** and **ORDERED** this 24th day of April, 2019.

                                            *Staci G. Cornelius*
                                            STACI G. CORNELIUS
                                            U.S. MAGISTRATE JUDGE

---

[3] Mr. Seals is entitled to attorney's fees of $87,960 (219.9 hours at $400 per hour). Mr. Hubbard is entitled to attorney's fees of $23,200 (50 hours at $400 per hour, plus 16 hours at $200 per hour).

[4] These costs consist of the $400 filing fee and $2,025.15 spent for transcripts of the depositions of Jason Scott, Paz Salinas, and Plaintiff.